THE PEOPLE OF THE STATE OF NEW YORK ex rel. EQUITABLE
   LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respond-
   ent, *v.* HORACE G. PIERCE and Others, as Commission-
   ers of Sewage for the Tenth, Fifteenth and Twentieth
   Wards in the City of Rochester, and the TOWN OF GATES,
   Appellants.

                   Fourth Department, April 30, 1919.

**Municipal corporations — city of Rochester — mandamus to compel
   commissioners of sewage to make new estimate and to lay a tax
   sufficient to pay deficiency of cost of improvement under chapter
   603 of the Laws of 1892, as amended — consecutive taxes upon
   same ratio of benefits — double taxation — inclusion in new
   estimate of unpaid taxes upon former assessment.**

Application by the owner of assessment bonds, issued by the " Commissioners
   of Sewerage " of the city of Rochester and the town of Gates, pursuant to
   chapter 603 of the Laws of 1892, as amended, to compel said commissioners
   to again estimate the amount necessary for the completion of payment for
   the improvement and administration expenses and to lay and assess a new
   tax sufficient in amount to pay a deficiency, the original estimate having
   been too small, granted.
Said commissioners were not deprived of their original power to lay and
   assess a tax sufficient to liquidate the indebtedness incidental to the
   improvement by the provisions of chapter 315 of the Laws of 1898 and
   chapter 620 of the Laws of 1904.
Consecutive taxes based upon the same ratio of benefits do not result in
   double taxation.
The scheme of the statute (Laws of 1892, chap. 603) that the lands benefited
   shall bear the total expense of the improvement in proportion to the bene-
   fits, is lawful and is not violated by consecutive taxes based upon the
   same ratio of benefits and sufficient only in the aggregate to pay the
   expense of the project.
In a proceeding by mandamus to compel the commissioners to lay and
   assess a new tax, the court will not decide the propriety of including unpaid
   taxes arising upon a former assessment.

APPEAL by the defendants, Horace G. Pierce and others,
as commissioners, and another, from an order of the Supreme
Court, made at the Monroe Special Term and entered in the
office of the clerk of the county of Monroe on the 4th day
of June, 1918, granting a peremptory writ of mandamus.

*William F. Lynn,* for the appellants.

*Charles W. Pierson, Clifton P. Williamson* and *L. A. Doherty,* for the respondent.

LAMBERT, J.:

The relator is the owner of 228 assessment bonds issued by the " Commissioners of Sewerage " for the tenth, fifteenth and twentieth wards of the city of Rochester, and the town of Gates, all within Monroe county. These bonds were issued in 1896 and matured in 1904. They were issued pursuant to the provisions of chapter 603 of the Laws of 1892 and the various acts amendatory thereof.

The original scheme of the legislation giving rise to these bonds provided for the designation of commissioners, under whose supervision the improvement in question was had. The statute required that these commissioners, at a time in advance of the completion of the improvement, should estimate the expense of the improvement, ascertain the drainage district benefited thereby and levy and collect a tax against the land so benefited in proportion to the benefits received by each.

There have been some nine different legislative enactments touching this situation. Many of them are of no significance. Most of them are analyzed by Mr. Justice CLARK in his opinion found in 104 Miscellaneous Reports, 343, and each is specifically analyzed in the brief of the respondent, relator.

During the course of this legislation and subsequent to the levying of the tax, which it was contemplated would pay the bonds in question, the general plan of collection of these taxes was twice varied.

By chapter 315 of the Laws of 1898 it was provided that the commissioners should transfer all their records and the assessment roll and all moneys in their hands to the treasurer of the city of Rochester, in whom was vested the power and right to compel the collection of the tax and the distribution of the moneys.

Again, in 1904, by chapter 620 of the laws of that year, provision was made for the designation by the county judge or the special county judge of Monroe county of two col-

lectors who were charged with the collecting and enforcing of the assessments levied by the commissioners of sewerage. Upon the appointment of such collectors, the city treasurer of the city of Rochester was required to deliver to the county treasurer of Monroe county the assessment rolls and other property received by him from the commissioners. The general scheme provided for the collection and enforcement of the taxes by these collectors and with disbursement and adjustment through the county treasurer. By section 5 of such act repeal was made of all acts and parts of acts inconsistent with this last enactment.

One assessment has been levied by the commissioners of sewerage. Substantial amounts of money have been collected thereon and large portions of the indebtedness created by the improvement have been paid. There is, however, a substantial deficiency remaining.

This proceeding seeks by mandamus to compel the commissioners of sewerage to again estimate the amount necessary for the completion of payment for the improvement and administration expenses and to lay and assess a new tax sufficient in amount to comprehend such payment.

The proceeding is resisted upon three distinct grounds:

*First.* It is argued that the various legislative enactments have, in effect, deprived the commissioners of sewerage of all their functions so that they are now powerless to levy or assess any tax.

*Second.* It is next argued that even if it can be said that the commissioners of sewerage still retain their original powers, they cannot levy any further tax for this improvement upon such lands as have heretofore paid a tax. It is said that such an effort would result in double taxation and would not be consistent with the plain direction of the statute that this burden should be borne by the landowners in proportion to the benefits received.

*Third.* Attention is then called to the fact that this record discloses several instances of non-payment of the tax already laid and that most clearly delinquent taxes not collected cannot be included in a new budget without violating the statutory direction for assessment in proportion to benefits.

Relative to the effect of the statutory enactments upon

Fourth Department, April, 1919.          [Vol. 187.

the continuance of the powers of the commissioners relative to assessment, it might, with some force, be urged that chapter 315 of the Laws of 1898, by its verbiage, gave some color to the appellants' contention. Analysis of the statute and examination of its plain intent and purpose, however, disclose that such enactment has reference only to collection proceedings. By it the machinery of collection, and that only, is taken from the commissioners and vested in the city treasurer.

Much more clearly is this general scheme presented by the subsequent enactment of 1904, where the power of collection is again transferred and this time to official collectors and the county treasurer of Monroe county. Further, the second of these two statutes, by its repealing clause, destroys all the force of appellants' argument as to the effect of the enactment of 1898.

It will be observed that none of these statutes amendatory of the one initiating this drainage project provides any means or machinery for initiating a new assessment. Yet the probable necessity for further assessment is clearly evinced. The statute in its original form expressly recognizes that contingency and makes provision therefor. Further, it requires the estimate which forms the basis of the tax to be made up at a time in advance of completion of the physical work of the project, hence at a time in advance of accurate knowledge of the financial requirements. Obviously, this situation would be more than likely to lead to necessity for further taxes.

This statutory recognition of occasion and requirement for further assessment, coupled with careful omission in the subsequent enactments of all provision for the making of any such assessment leads to the necessary inference of legislative intent to leave vested in the commissioners the power to initiate a new tax.

To hold otherwise would probably offend various constitutional provisions for it would destroy the power to pay for this improvement by taxation. Having lawfully initiated the project and created the liability in conjunction with taxation provisions looking to liquidation of the resulting indebtedness, the Legislature either by direct action or omission to act could not destroy the means of paying such lawfully incurred

indebtedness.   (*People ex rel. Security Trust Co.* v. *Treasurer, etc.,* 191 N. Y. 15.)

Every view of these various statutory enactments leads to the conclusion that there still remains vested in these commissioners their original power to initiate such consecutive taxes as will, in the aggregate, liquidate the indebtedness incidental to this improvement.

The second contention of the appellants, relative to power to levy a second assessment, arises through apparent misconception of counsel of the general scheme of taxation.   It is argued upon the falacious theory that the tax levied against each parcel of land represents the judgment of the commissioners of the extent of the benefit received by that land, that is, that the tax equals the benefit.   This is not true.   In the ordinary assessment roll the tax is laid upon the value of the property assessed.   In projects like this the tax is not based upon values at all, but is laid upon the benefits received.   The benefits may equal, exceed or be less than the tax itself.   The ascertainment of the benefits is for the sole purpose of establishing an equitable and legal ratio of assessment among the landowners.   A landowner may have been benefited $1,000 and be taxed thereon only ten per cent of that amount.   Or he may be benefited $100 and the cost of the improvement may be so large that his tax will be in excess of that amount.

Consecutive taxes based upon the same ratio of benefits do not result in double taxation, or in equity to any one.   The scheme of the statute is that the lands benefited shall bear the total expense of the improvement in proportion to the benefits. Such scheme is lawful in every particular and it is not violated by consecutive taxes based upon the same ratio of benefits and sufficient only in the aggregate to pay the expense of the project.   The third question urged by the appellants is not present at this time.

This question relates to unpaid taxes upon the first assessment.   It is argued (and with some force) that if certain taxpayers, assessed upon the first tax, have not paid and have not been compelled to pay, manifest injustice results in including such delinquent taxes in a new budget and would result in penalizing those of the taxpayers who have paid and who will pay upon the coming assessment.

Such question is not before this court upon this record. It has been determined by the court below, upon sufficient evidence, that the original estimate was for too small a sum to pay the cost of this improvement. This proceeding merely seeks to initiate a new tax. The writ merely directs the commissioners to make a new estimate of lawful items, sufficient to pay the deficiency in this case, and to lay a tax therefor.

This court cannot assume that these commissioners will include in their new budget any unlawful items of any character. If they have not the right to include unpaid taxes arising upon the former assessment, we must assume that they will not do so. If they do include unlawful items, the remedy is open to the taxpayers to correct such errors. Efforts of that character and at that time will present this question. It will not be present until it comes upon efforts to correct an assessment actually made.

We should not, therefore, undertake to decide the propriety of including unpaid taxes arising upon the former assessment. There is some authority for so including them. (*State ex rel. Frazer* v. *Holt County Court*, 135 Mo. 533.)

In fact, there is some room for argument that in *Hook* v. *German American Bank* (152 App. Div. 253; affd., 211 N. Y. 508) this court indicated a conception of the right to so include such delinquent taxes.

However, we should not pass upon this question until it is properly before us.

With it determined upon sufficient evidence that the former estimate was too small to pay for this improvement, the writ is clearly right and should stand.

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with costs.