The People of the State of New York ex rel. The Prosperity Company, Inc., Appellant, *v.* Rolland B. Marvin, Mayor, Clifford Goes and Others, Constituting the Board of Assessors of the City of Syracuse, New York, and Others, Respondents.

Fourth Department, March 21, 1940.

*Benjamin E. Shove,* for the appellant.

*John F. Hmiel, Assistant Corporation Counsel,* for the respondents.

Per Curiam. The taxing authorities of the city of Syracuse levied a tax upon petitioner's property for a local improvement. Petitioner, by certiorari proceeding, sought to establish the illegality of the assessment upon several grounds, among them being the claim that the tax was levied for more than the cost of the improvement, and another being that the tax was inequitable in that it was all assessed against property not at all benefited by the improvement and that no part of it was assessed against the only property that was benefited. Respondents stipulated that the first-mentioned objection was valid and an order was made annulling the assessment. Later, upon proof by respondents that the assessment did not exceed the cost of the improvement, the

court relieved respondents from the effect of their stipulation and vacated the order annulling the assessment and made the order appealed from upholding the validity of the assessment without giving petitioner an opportunity to prove facts to sustain its other claim that the tax was inequitable.

Granting that the determination by the taxing authorities as to what was the property that was benefited by the local improvement was in the nature of a legislative act, nevertheless, it cannot escape judicial review where it is utterly arbitrary and capricious. Section 34 of the Tax and Assessment Act of the City of Syracuse (Laws of 1906, chap. 75) provides for such review, and that act also provides for levying assessments for local improvements against the property benefited. (*Matter of City of New York* [*Pugsley Ave.*], 218 N. Y. 234; *People ex rel. Keim* v. *Desmond*, 186 id. 232; *Matter of City of New York*, 190 id. 350; *Matter of Long Island R. R. Co.* v. *Hylan*, 240 id. 199, 205; *Norwood* v. *Baker*, 172 U. S. 269.)

The order should be reversed and the proceeding restored to the calendar for trial of the issues pleaded.

All concur, except CUNNINGHAM and HARRIS, JJ., who dissent and vote for affirmance in the following memorandum: The lands taken were for street purposes. The action fixing the territory to be assessed which is herein attacked was taken in the exercise of legislative powers and could be attacked only as being in violation of the constitutional rights of the petitioner herein. (*People ex rel. Schick* v. *Marvin*, 249 App. Div. 293; affd., 275 N. Y. 587.) No basis for attack on such grounds is shown herein. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Final order reversed on the law and a new trial granted, with costs to the appellant to abide the event.