Samuel W. Eager, J.
This proceeding was brought to attack the validity of local assessments of $2,128.72 each levied against two 50-foot-front lots on account of the cost of installation of a 12-inch lateral sewer in Amundson Avenue in the City of Mount Vernon abutting the said lots. Clearly, in order to succeed herein, the burden was upon the petitioners to show that the assessments are illegal by reason of lack of authority, by reason of defects of substance in proceedings leading up to the same, or by reason of the discriminatory and arbitrary fixing of the portions of the cost to be borne by petitioners’ *619 properties without regard to due consideration of benefits received by the same and by other properties. (See 63 C. J. S., Municipal Corporations, § 1449.)
The petitioners, citing Matter of Edgewood Ave., City of Mount Vernon (195 Misc. 314, affd. 275 App. Div. 853) urge that the Common Council did lack the authority to levy the assessments in that there is no statute, local law or general ordinance ‘ ‘ providing regular procedure to be followed in exercise of the Council’s power to direct ” local assessments. It is true that the grant of power to the city by action of its Common Council to construct sewers as local public improvements and to assess and levy the cost thereof, in whole or in part, upon the property benefited thereby, is general in terms (see General City Law, § 20, subds. 7, 11; Mount Vernon City Charter, § 43; L. 1922, ch. 490, as amd.) and that there are, in fact, no provisions by statute, local law or general ordinance as to the manner of and details to be followed in carrying out the powers and duties thus conferred upon the city and its Common Council.
Said section 43 of the charter has to do with the powers of the Common Council with respect to the expense of a public improvement and merely provides that ‘‘ The proportion of the expenses (of the improvement) which is not borne by the city shall be assessed and charged upon the property affected by such improvement in the form and manner provided by law or ordinance.”
Mr. Justice Flannery, in his opinion in Matter of Edgewood Ave., City of Mount Vernon {supra), reached a conclusion that said section 43 of the charter contemplates and requires a general ordinance fixing the general procedure to be followed in the matter of effecting a local assessment. It is expressly stated, however, in his opinion (p. 324) that this “ question, however, does not arise in this proceeding ”, and the conclusion of the learned Justice was in the nature of obiter dictum not binding here. It is concluded that it should not be followed.
Now, no one can question the general power of this city by action of its council to effect public improvements and to assess the cost thereof, in whole or in part, upon properties specially benefited thereby. There is the general statutory provision that a city is empowered to ‘‘ construct and maintain * * * public improvements * * * and assess and levy upon the property benefited thereby the cost thereof, in whole or in part “ (General City Law, § 20, subd. 11). There is further general provision, applicable to this power, that the council *620 shall have the “ power hy ordinance to determine by whom and in what manner and subject to what conditions said power shall be exercised (General City Law, § 23, subd. 2.)
Now, all that section 43 of the Mount City Charter does, is to provide that the assessment of all or part of the improvement cost shall be “ in the form and manner provided by law or ordinance.” Such provision is merely confirmatory of the general powers conferred upon the Common Council of this city in that, in effect, all that it requires is that the ‘ ‘ form and manner ” of proceedings looking to local improvement assessments shall he as provided by “law” (that is, by applicable general law, if any) “ or ordinance ” (that is, by local legislative action). So, there being no applicable general law regulating such proceedings, the 1 ‘ form and manner ’ ’ thereof, to be as provided by ordinance, are left to the legislative discretion of the council. Such is clearly the plain import of the statute.
The conclusion is reached that where, as here, the Common Council of a city is given the general power to make public improvements, and to assess and levy the cost thereof on property benefited, and there is no regulatory legislation, the methods and procedures to be followed are within the council’s legislative discretion. (See 63 C. J. S., Municipal Corporations, § 1063; 2 McQuillin, Municipal Corporations [3rd ed.], §§ 10.29, 10.30, 10.34.) There is really no sound justification for construing the provisions of section 43 aforesaid in a manner to limit the general legislative discretion vested in the Common Council of this city to provide for the form and manner of the assessment of a local improvement cost upon property benefited. Having the right to proceed by ordinance, the council was entitled in its discretion to legislate generally as to the methods to be followed in all cases of public improvements and local assessments on account thereof; or, in its discretion, it could proceed by special ordinance solely applicable to a proposed particular public improvement. In fact, if it had ordained a general method to be followed, even then, with due regard to constitutional requirements, it would still have the right to modify or change this method by special ordinance.
In view of the foregoing, it is concluded that the council had the right to proceed to effect this particular public improvement and to levy an assessment for the cost thereof without the prior enactment of a general ordinance covering the form and manner of the proceedings in all such cases.
Now, a reference to the ordinances enacted in the matter demonstrates without question that the council here did duly act to carry out its powers with respect to this particular sewer *621 improvement. First adopted and approved was an ordinance in March, 1955 which directed the preparation by the Commissioner of Public Works of plans and specifications and an estimate of the costs of construction of the 12-inch lateral sewer on Amundson Avenue. Then, in April, 1955 an ordinance was adopted by the council and approved, directing ‘1 the work of the construction of a 12-inch lateral sewer in Amundson Avenue from Edenwald Avenue to a point 145 feet south of Edenwald Avenue, according to the plans, specifications and estimate made by the Commissioner of Public Works, which said plans, specifications and estimate are hereby approved and accepted”; directing the Board of Estimate and Contract “ to take the proceedings proved by law to carry out the provisions of this ordinance”; directing that the “whole of the expense ’ ’ of the improvement ‘ ‘ shall be apportioned and assessed according to law, to the end that the same may be collected on all property located on east side of Amundson Avenue from Edenwald Avenue to the New York City Line, being the property hereby deemed to be benefited thereby, and hereby established as the district of assessment for the construction of said 12-inch lateral sewer ’ ’; and directing the Commissioner of Public Works. “ to make an accurate map showing the several parcels of land lying within the district of assessment hereby established, and to file the same with the Commissioner of Assessment and Taxation.”
On December 14, 1955 an ordinance was adopted declaring complete the work of the contractor in the construction of the sewer and directing payment to him, less 10%. On August 8, 1956 an ordinance was adopted authorizing the payment of the final 10% to the contractor. On February 13, 1957 the council adopted an ordinance declaring the work with respect to the sewer complete; fixing the total cost thereof at $5,741.27 ‘1 which shall be apportioned and assessed according to law * * * on all property located on both sides of Amundson Avenue from Edenwald Avenue to a point 145 feet south of Edenwald Avenue, being the property deemed to be benefited thereby; and directing the Commissioner of Assessment and Taxation to prepare a proper assessment roll and report, and to assess and charge the expense of the aforesaid improvement upon the property within the District of Assessment for said improvement as heretofore fixed by ordinance of this Common Council.” By ordinance of March 1, 1957, the February 13, 1957 ordinance was amended to reaffirm the District of Assessment as originally fixed, to wit, 1 ‘ all property located on east side of Amundson Avenue from Edenwald Avenue to the New *622 York City line, being the property deemed to be benefited thereby, and established as the district of assessment by ordinance dated April 13,1955.”
The Commissioner of Assessment and Taxation prepared a roll for assessment of the cost of said 12-inch lateral sewer in Amundson Avenue, and thereupon, on March 27, 1957 an ordinance was adopted directing the calling by the City Clerk of a public hearing to be held by the council on April 24, 1957, upon the question of the confirmation of the aforesaid assessment roll. The petitioners, on April 22, 1957 pursuant to notice of such public hearing, filed written objection “ to the entire proceeding ’ ’ resulting in the improvement and assessment of the cost thereof. The council, however, following the holding of the public hearing, by ordinance of August 14, 1957 confirmed the assessment roll, “ to the end that all the expense is to be borne by the property deemed to be benefited thereby ” located within a ‘1 District of Assessment ’ ’ thereby established as “ all property located on the east side of Amundson Avenue from Edenwald Avenue to the New York City Line.”
The petitioners make the further point that there was a failure to give adequate notice of the proceedings leading up to the assessment, particularly ‘1 in that the petitioners were not afforded an opportunity to be heard on the proposal to do the work nor on the creation of a district of assessment.” The law, however, is that, ‘ ‘ There is no constitutional requirement under due process of law that a municipal corporation contemplating a public improvement give notice to any one, so long as those property owners to be assessed are given a hearing properly noticed before they finally become liable for the assessment.” (3 Antieau, Municipal Corporation Law, § 23.07, p. 306; see, also, 2 Antieau, Municipal Corporation Law, § 14.05, pp. 303-304.) Notice of intention to make the improvement need not be given in the absence of a mandatory statutory requirement. (63 C. J. S., Municipal Corporations, § 1094; § 1366[b]; also Matter of Zbrowski, 68 N. Y. 88; Clark v. Lyon,, 68 N. Y. 609.) Where, as here, the city is given the power to construct the sewer and assess the cost thereof against the property benefited, the local legislative body (the Common Council) may determine the manner in which the power is to be exercised; and it is sufficient if provision is made for notice of hearing and an opportunity to be heard on the proposed assessment before it becomes final and conclusive. (2 McQuillin, Municipal Corporations [3rd ed], § 10.29; Vol. 13 id., § 37.40, pp. 145, 149, 150.) Such provision was made, to wit, section 230-a of the Mount Vernon City Charter (as added by Local Laws, *623 1926, No. 2 of City of Mount Vernon) requires that “ assessment shall he confirmed by the common council, after a public hearing shall have been had, at which any person interested may present written objections to such confirmation. Notice of the time and place of such hearing shall be published in the official paper of the city at least ten days prior to the hearing.”
The said provisions of the City Charter were duly complied with. The petitioners were duly notified of a hearing to be held on April 24, 1957, upon the question of the confirmation of the assessment roll and a public hearing was duly held. The petitioners, on receipt of notice of the hearing, through their attorney, filed general objections to “ the entire proceeding ” on the ground that they both had private sewers and did not need the new sewer; that they had received no notice of the proposed construction; that the city was given notice that they had their private sewers prior to April, 1955. The petitioners do not deny that they were given an opportunity to be heard on confirmation of the assessments. Further, pursuant to sections 231 and 233 of the charter, they were given the right to maintain this proceeding and to be heard in this court with respect to their objections to the assessments. From the foregoing it clearly appears that due process requirements were fully met, and that the assessments may not be successfully attacked for lack thereof.
The petitioners particularly contend that, in any event, the action of the council in ordering the sewer and assessing the major portion of the cost thereof against the properties of the petitioners was unreasonable, arbitrary and capricious in that the sewer is not of benefit to the properties. In this connection, they claim that, at the time of the ordering by council of the improvement, their properties were and are now connected with an established trunk sewer by private sewers; and that the city must be deemed to have had notice of this fact by virtue of issuance, prior to the improvement, of certificates of occupancy with respect to dwellings upon the properties.
It is true, generally speaking, that benefit to property assessed is essential to the validity of an assessment for a public improvement. (See Gaynor v. Marohn, 268 N. Y. 417; People ex rel. Delaware, L. & W. Ry. Co. v. Wildy, 262 N. Y. 109; Haskill v. Fisk, 273 App. Div. 153; Matter of Westchester Lighting Co., 219 App. Div. 377; People ex rel. Prosperity Co. v. Marvin, 259 App. Div. 204.) The levying of an assessment in substantial excess of the benefits received is a taking, under the guise of taxation, of private property for public use, without compensation. (Norwood v. Baker, 172 U. S. 269, 279.) It is clear, however, that the burden was upon the petitioners to show that *624 the properties assessed were not in fact benefited or that the improvement was in fact of comparatively insignificant benefit thereto. (See 63 C. J. S., Municipal Corporations, § 1449.) The determination of the council that the particular properties were specially benefited to an extent justifying an assessment against the same on account of the improvement is conclusive and not subject to review by the courts in the absence of a showing of fraudulent or arbitrarily discriminative action by the council. (See 63 C. J. S., Municipal Corporations, § 1375; also Spencer v. Merchant, 100 N. Y. 585; O’Reilly v. City of Kingston, 114 N. Y. 439, 448; Matter of Shaffer, 138 App. Div. 35, 38, affd. 200 N. Y. 519.)
The record here is barren of proof sufficient to sustain a finding that the petitioners’ properties were not in fact benefited by the installation of the lateral sewer to serve the same; nor is there any showing that the method used by the Commissioner of Assessment and Taxation in proportioning the cost among the properties benefited, namely, the foot-frontage method was unfair or discriminatory. It is true that it appears that the properties of the petitioners, consisting only of two single lots and dwellings thereon, are charged with nearly all of the cost of the lateral sewer and that, owing to the high cost of installing this short lateral sewer line, the particular assessments against these properties seem unduly large. It is “ held, however, that the money value of the benefit and the assessment need not be equal”. (Board of Educ. v. Village of Alexander, 197 Misc. 814.) “ The benefits may equal, exceed, or be less than the
tax itself. The ascertainment of the benefits is for the sole purpose of establishing an equitable and legal ratio of assessment among the landowners. A landowner may have been benefited $1,000, and be taxed thereon only ten per cent of that amount, or he may be benefited $100, and the cost of the improvement may be so large that his tax will be in excess of that amount.” (People ex rel. Equitable Life Assur. Soc. v. Pierce, 187 App. Div. 437.)
There is no proof as to the nature, extent, effectiveness and permanency of the alleged private sewers serving the properties. No evidence was offered to show that the value of the properties have not been enhanced by the improvement. Proof merely of presence of prior existing private sewers serving the properties in and of itself, does not establish a case for relief to petitioners. The mere fact that property is already served by a private sewer will not bar an assessment against the same for the construction of a public sewer to serve the property. (See 63 C. J. S., Municipal Corporations, § 1374, subd. 6, par. 1; 11 *625 McQuillin, Municipal Corporations [3d ed.], § 31.11, p. 202; 14 McQuillin, Municipal Corporations, § 38.35, pp. 133-136; also People ex rel. Delaware L. & W. Ry. Co. v. Wildy, 262 N. Y. 109; Board of Educ. v. Village of Alexander, 197 Misc. 814, supra.)
There is no factual basis in the record to justify the court in holding the action of the local authorities to be fraudulent or purely arbitrary.
In view of the foregoing, the proceeding is dismissed. No costs. Settle order on notice.