In the Matter of BREWSTER-MILL PARK REALTY, INC., Respondent, v. TOWN BOARD OF THE TOWN OF NORTH ELBA et al., Appellants.

Third Department, December 28, 1962.

*Roland M. Urfirer* (*John T. De Graff* and *John T. De Graff, Jr.,* of counsel), for appellants.

*Isham, Isham & Hess* (*Norman L. Hess* of counsel), for respondent.

REYNOLDS, J. Respondent is the owner of a Howard Johnson Restaurant located outside the Village of Lake Placid in the Town of North Elba. On September 3, 1959 after compliance with the applicable statutory requirements of notice, public hear-

ings, etc., appellants ordered the establishment of a sewer district, designated the Fawn-Ridge Sewer District, which included respondent's property. The present litigation stems from the fact that respondent, since the construction of its restaurant in 1956, has been connected to the main trunk sewer line of the Whiteface Inn Sewer District which passes almost directly under the restaurant en route to the Lake Placid sewage disposal facilities. The court below has found that the board's resolution that " All the property and property owners within the proposed district are benefited thereby " was " not supported by the evidence and the facts and is an unwarranted conclusion." " Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact. The test is not whether as now used by its present owner any advantage is received but whether its general value has been enhanced." (*Matter of City of New York* [*Juniper Ave.*], 233 N. Y. 387, 392; *Gaynor* v. *Marohn*, 268 N. Y. 417; *People ex rel. Delaware, Lackawanna & Western R. R. Co.* v. *Wildy*, 262 N. Y. 109; *Matter of Haskell* v. *Fisk*, 273 App. Div. 153; *People ex rel. Prosperity Co.* v. *Marvin*, 259 App. Div. 204; *Matter of Westchester Light. Co.* v. *Sewer Comrs.*, 219 App. Div. 377.) Unless we can say as a matter of law that the improvement may not by any possibility increase the value of respondent's property we must accede to the determination of the Town Board (Town Law, § 194; *People ex rel. Delaware, Lackawanna & Western R. R. Co.* v. *Wildy, supra*; *Matter of Amundson Ave. Sewer, Mt. Vernon*, 24 Misc 2d 618). As pointed out in *Matter of Amundson* (*supra*, pp. 623–624) : " It is clear, however, that the burden was upon the petitioners to show that the properties assessed were not in fact benefited or that the improvement was in fact of comparatively insignificant benefit thereto. (See 63 C. J. S., Municipal Corporations, § 1449.) The determination of the council that the particular properties were specially benefited to an extent justifying an assessment against the same on account of the improvement is conclusive and not subject to review by the courts in the absence of a showing of fraudulent or arbitrarily discriminative action by the council. (See 63 C. J. S., Municipal Corporations, § 1375; also *Spencer* v. *Merchant*, 100 N. Y. 585; *O'Reilly* v. *City of Kingston*, 114 N. Y. 439, 448; *Matter of Shaffer*, 138 App. Div. 35, 38, affd. 200 N. Y. 519.) " It is clear that the sewer system herein will prove extremely advantageous to the area as a whole. The evidence is convincing that the soil in the area is not conducive to the utilization of septic systems. The possible deleterious effect on the area health wise, business wise, comfort wise and value wise is self-evident.

Respondent, however, asserts that because it and all other properties within 800 feet of its property are connected to the trunk line, any sanitary problem in the area does not affect the use or value of its property. We find this to be a rather narrow and shortsighted approach. Respondent has been fortunate that the trunk line ran close enough to its property to make a private connection feasible. It is conceded that respondent has never been required to pay any charge for use of the trunk-line facilities. The fact that respondent already has privately arranged to provide itself with adequate facilities is not controlling (*O'Flynn* v. *Village of East Rochester*, 292 N. Y. 156; *Matter of Amundson, supra*; *Board of Educ.* v. *Village of Alexander*, 197 Misc. 814). It should be noted in this respect that while prior to the establishment of the present district such connection could possibly have been prevented or terminated or in any event a charge made for the utilization thereof, the new district has concluded an agreement with the Whiteface Inn District which recognizes the existing connections of property owners in the new district to the trunk line.

Under all the circumstances herein, we cannot say that there is such a lack of benefit as would amount to a palpably arbitrary abuse of power on the part of the board in including respondent's property within the proposed district.

In view of the foregoing it is unnecessary for us to reach the other issues raised here on appeal.

The order should be reversed on the law and facts, and the application denied, with costs to appellants.

·Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

Order reversed on the law and the facts and application denied, with costs to the appellants.