Charles A. Loreto, J.
Petitioner, in this article 78 CPLR proceeding, seeks to annul a determination made by the Board of Assessors of the City of New York assessing his property for sewer construction.
Petitioner’s property is a private one-family dwelling constructed in 1929 on a plot of land located at the southwesterly corner of Fieldston Road and West 253rd Street in Bronx County. Petitioner acquired title to the property in 1959.
In 1917, the city constructed a sewer in Fieldston Road abutting the property on that street. No assessment was levied against the property for such sewer construction or facilities. Plaintiff’s premises was connected to that sewer in 1929 pursuant to a permit duly granted by the city authorities and has always been connected to and serviced by it.
In 1965, a sewer was constructed on West 253rd Street abutting petitioner’s property on that street. Petitioner’s property is not anywise connected to or serviced by this sewer, but is solely and fully supplied with sewage facilities by means of the 1917 Fieldston Road sewer, which also abuts his property.
Petitioner contends that since his property was and still is connected to an already existing sewer, an assessment for an additional sewer is unreasonable, arbitrary and capricious and contrary to law, because the new sewer does not enhance the general value of his property and is of no specific benefit to it. His. property abutting Fieldston Road is the only Fieldston Road property assessed for the 253rd Street sewer.
The city admits that it did not assess the property for the 1917 sewer and in eonclusory fashion states “ so that now, in 1965 because of the benefit derived by the petitioner * * * the property of the petitioner was assessed”. As if stating an alternative basis for the assessment, in a letter dated May 24, 1965, addressed to petitioner’s attorney, the Board of Assessors states that because petitioner’s property was not assessed for the 1917 sewer in Fieldston Road “ it is properly assessed in the instant proceeding [1965 sewer assessment] ”. This rationale is unacceptable in a society governed by law. For it is not questioned that petitioner and its predecessor had become effectively and legally immune to any charges or assessments for the installation of the 1917 sewer. That no charge or assessment had either originally or since its installment been levied against the property, creates no basis in law for levying against it an assessment for another sewer.
*589 The question whether benefits are received by property sought to be assessed is ordinarily a question of fact. The test is whether the property derived any advantage or benefit and whether its general value has been enhanced (see People ex rel. Delaware, L. & W. Ry. Co. v. Wildy, 262 N. Y. 109, 111, 112). However, no special assessment may be sustained unless a benefit can be found (Board of Educ. v. Village of Alexander, 197 Misc. 814).
The 1917 Fieldston Road sewer is a permanent construction and has been effectively serving petitioner and all other property owners in Fieldston Road. The 1965 sewer does not serve petitioner; it serves other property owners on 253rd Street.
The case of Matter of Amundson Ave. Sewer, Mt. Vernon (24 Misc 2d 618, 624) is distinguishable for it deals with a situation where because the property was served by a private sewer, it was held ‘ The mere fact that property is already served by a private sewer will not bar an assessment against the same for the construction of a public sewer to serve the property ”. That conclusion was arrived at because, as the decision reports “ There is no proof as to the nature, extent, effectiveness and permanency of the private sewers serving the properties ”. (Italics supplied.)
At bar, the 1917 sewer is a public sewer, serving all the properties on Fieldston Road and its extent, effectiveness and permanency are not questioned.
This court finds on the papers submitted that the assessment thus levied was contrary to law, arbitrary and unreasonable.
The petition is therefore granted, the assessment annulled and vacated and the lien cancelled.