■ In the Matter of TOWN BOARD OF THE TOWN OF ONONDAGA et al., Respondents, v COUNTY OF ONONDAGA et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: The sole question presented on this appeal is whether the trial court properly concluded that the property of the Town of Onondaga derived no benefit, nor was enhanced in value by the creation of the Harbor Brook Drainage District. We agree with the trial court. In adopting Resolution No. 10, the Onondaga County Legislature made a finding that all property owners within the proposed drainage district will be benefited by its creation. Such legislative enactment has, of course, the presumption of validity. However, in the instant case there is no factual basis to support the legislative determination and it must, therefore, be deemed arbitrary and confiscatory. In order to defeat the tax assessment imposed upon property owners in the Town of Onondaga as a result of the creation of their drainage district, petitioners have the burden to show that the properties were not benefited. Whether a particular parcel has been benefited by an improvement is ordinarily a question of fact. " 'The test is not whether as now used by its present owner any advantage is received but whether the general value has been enhanced.' *(Matter of City of New York [Juniper Avenue],* 233 N. Y. 387, 392.)" *(People*

*ex rel. Delaware, Lackawana & Western R. R. Co. v Wildy,* 262 NY 109, 112.) Absent a showing of fraudulent or arbitrary discriminatory action by the Legislature, the determination that the particular properties were benefited to an extent justifying an assessment against them must be sustained *(Matter of Wright v Town Bd. of Town of Carlton,* 41 AD2d 290, affd 33 NY2d 977; *Matter of Brewster-Mill Park Realty v Town Bd. of Town of North Elba,* 17 AD2d 467, 468). Mindful of petitioner's heavy burden we find, nonetheless, that the facts in the instant case clearly disclose that the legislative determination that property in the Town of Onondaga was enhanced by the creation of the Harbor Brook Drainage District was arbitrary and confiscatory. The reason is plain. The geographical boundaries of the drainage district were developed for the purpose of including all property within the Harbor Brook Watershed which contributed water to the downstream flooding area; they were not based upon a consideration which properties would be enhanced by the creation of the drainage project. In fact it is conceded that the drainage project would not eliminate or even alleviate any existing drainage problem in the Town of Onondaga but, rather, the purpose of the project was to halt downstream flooding primarily in the City of Syracuse. In the commissioner's report to the Legislature, no mention was made either of the Town of Onondaga's drainage problems or any benefit that the Town of Onondaga would derive from the creation of the district. There is no existing plan for further improvement in the upstream area. When funding was sought for drainage improvements for the Town of Onondaga, the county board refused to fund these suggested improvements. Finally, the record contains no factual basis upon which to conclude that improvements of the downstream area would enhance the value of the upstream area. There is no evidence that the purpose for and the creation of the Harbor Brook Drainage District was to benefit property in the Town of Onondaga; and in fact we find, as did the trial court, that property located in the Town of Onondaga was not enhanced by the creation of the drainage district. It follows, therefore, that each and every parcel of real property situated in the Town of Onondaga must be excluded from the Harbor Brook Drainage District. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Denman and Witmer, JJ.