In the Matter of DWS NEW YORK HOLDINGS, INC., Appellant, v COUNTY OF DUTCHESS et al., Respondents.

On September 8, 1974, the Town Board of the Town of Wappinger adopted a resolution directing the town assessor to complete an assessment roll for an entity known as the Wappinger Sewer Improvement Area No. 1, and established standards for assessing the property within the improvement area. On July 28, 1976, the Board passed a resolution that all properties which had been granted preliminary subdivision approval on or before July 28, 1976, be included in the assessment roll.

It is undisputed that petitioner received preliminary subdivision approval on or before July 28, 1976 and that recently, petitioner received an extension of conditional final subdivision approval. Since July 28, 1976, petitioner's property, which consists of 250 acres, and is part of the proposed development known as Cranberry Hills, has been assessed as having 473 benefit units, and taxed on each full benefit unit as if it contained single-family houses on lots of less than two acres. Petitioner contends that even though preliminary subdivision approval had been granted, the property is still vacant, and it therefore should have been taxed as vacant residential acreage in excess of two acres at .8 benefit unit for the first two acres and .2 benefit unit for each acre in excess of two acres. Petitioner further contends that the proposed sewer plant does not have sufficient capacity to serve the needs of its development, and thus, pursuant to the town's assessment formula, it should be taxed on one third of the total amount of benefit units which would have been assigned if the property could have been served. Special Term dismissed the proceeding on the merits.

In evaluating whether a particular parcel is benefited by a public improvement, the test to be applied is not how the land is presently being used, but whether the improvement generally enhances the value of the property; the burden of disproving that the value of the property has been enhanced, which is a heavy one, must be borne by the petitioner (*see, e.g., Matter of City of New York [Juniper Ave.]*, 233 NY 387; *Matter of City of New York [Pugsley Ave.]*, 218 NY 234; *Matter of Wright v Town Bd.*, 41 AD2d 290, 294-295, *affd* 33 NY2d 977; *Matter of Town Bd. v County of Onondaga*, 61 AD2d 1124, *lv denied* 44 NY2d 644; *Matter of Brewster-Mill Park Realty v Town Bd.*, 17 AD2d 467). The Town Board may consider the benefit a sewer improvement would confer on unimproved land if it were to be developed for residential purposes in the future (*see, Matter of Cornell Univ. v Village of Cayuga Hgts.*, 13 AD2d 1, 4). The benefits received may equal, exceed or be less than the tax itself (*see, Matter of City of Mount Vernon [Amundson Ave. Sewer Assessment]*, 24 Misc 2d 618). The determination by a town board with respect to the amount of benefit conferred on properties by improvements involves the exercise of the legislative power which will not be interfered with unless it is shown to be so arbitrary or palpably unjust as to amount to a confiscation of property (*see, Matter of Wright v Town Bd.*, 70 Misc 2d 1, 5, *mod on other grounds* 41 AD2d 290, *affd as mod* 33 NY2d 977, *supra; Gaynor v Marohn*, 268 NY 417; *Valley Farms Co. v City of Yonkers*, 193 App Div 433, *affd* 231 NY 558, *affd sub nom. Valley Farms Co. v County of Westchester*, 261 US 155).

In the case at bar, petitioner has failed to meet its burden of showing that the value of its property was not enhanced by its inclusion in the sewer improvement area. The property was enhanced in value by virtue of its inclusion in the sewer improvement area and, because preliminary subdivision approval had been granted, it was not merely vacant residential land. The assessor was therefore justified in assigning the full number of benefit units allowable under the Town Board's resolution even though the benefit actually received by petitioner's property may have been less than the tax itself (*Matter of City of Mount Vernon [Amundson Ave. Sewer Assessment], supra*). We note, however, that it appears the issue of whether the proposed sewer plant has sufficient capacity to service petitioner's development has not yet been resolved. In the event that the Dutchess County Health Commissioner formally refuses to approve the connection of the Cranberry Hills Development to the Oakwood Knolls sewage treatment plant, petitioner may reapply for a refund of taxes it paid based on the sewer assessment (*see, Matter of Haskell v Fisk,* 273 App Div 153). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.