■ Rose Baglivi et al., Appellants, v Town of Highlands et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Highlands, which adopted an assessment roll apportioning the cost of a sewer improvement program among landowners of parcels located in the improvement area, the petitioners appeal from an order of the Supreme Court, Orange County (Nicolai, J.), dated June 19, 1987, which dismissed the petition.

Ordered that the order is affirmed, with costs.

The petitioners claim that the respondent Town Board's apportionment of the costs of the sewer improvement is not in just proportion to the amount of benefit which the sewer confers on their respective plots. In evaluating whether a parcel is being benefited by a public improvement, the test is not how the land is presently being used, but whether the improvement generally enhances the property (see, Matter of DWS N. Y. Holdings v County of Dutchess, 110 AD2d 837; see also, Matter of City of New York [Juniper Ave.], 233 NY 387). The burden of disproving that the value of the property has been enhanced is on a petitioner and this burden is a heavy one (see, Matter of DWS N. Y. Holdings v County of Dutchess, supra). The Town Board may consider the benefit a sewer improvement would confer on unimproved land if it were to be developed for future residential purposes (Matter of DWS N. Y. Holdings v County of Dutchess, supra). A determination by the Board with respect to the amount of benefit conferred involves the exercise of legislative power, which exercise will not be interfered with unless it can be demonstrated to be so arbitrary as to constitute a confiscation of property (see, Matter of DWS N. Y. Holdings v County of Dutchess, supra;

*see also, Matter of Wright v Town Bd.,* 70 Misc 2d 1). Even where a property owner makes private arrangements to supply himself with services offered by the improvement area, he may still properly be assessed for the benefit which is conferred *(see, Matter of Wright v Town Bd., supra,* at. 6, citing *O'Flynn v Village of E. Rochester,* 292 NY 156; *Matter of Brewster-Mill Park Realty v Town Bd.,* 17 AD2d 467).

The petitioners have not overcome their burden of establishing that the Town Board's determination as to the amount of the benefit conferred is arbitrary. Furthermore, we note that the legislative determination herein involved established a system of annual reviews based upon 29 pertinent factors as part of a point system. In addition, a procedure has been established for applications for individual waivers of the assessments based on the circumstances of each particular parcel. Accordingly, the Supreme Court properly dismissed the petition. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.