■ In the Matter of CALM LAKE DEVELOPMENT, INC., Respondent, v TOWN BOARD OF THE TOWN OF FARMINGTON et al., Appellants. [624 NYS2d 484] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We agree with the contention of respondents that Supreme Court erred in determining that certain property owned by petitioner should not be included within a highway improvement district. The highway improvement district was established pursuant to a resolution authorizing respondents to accept and construct a right-of-way and other necessary improvements from County Road 41 across part of petitioner's land. Thereafter, the right-of-way in the district was constructed and consisted of two roads, Hathaway Drive and a short connector between Hathaway Drive and Route 332.

Petitioner contends that its property is not benefited by the highway improvement because the property will be developed without frontage on Hathaway Drive and access to its planned subdivision is to be through a cul-de-sac on an adjacent road. "In evaluating whether a particular parcel is benefited by a public improvement, the test to be applied is not how the land is presently being used, but whether the improvement generally enhances the value of the property; the burden of disproving that the value of the property has been enhanced, which is a heavy one, must be borne by the petitioner [citations omitted]" *(Matter of DWS N. Y. Holdings v Dutchess County,* 110 AD2d 837, 838). The record indicates that, although the plans for petitioner's property, which include the cul-de-sac, have been filed with the Town, the property has not yet been developed. Because it is entirely possible that the parcel may be developed in a manner that utilizes the Hathaway Drive improvement, petitioner failed to demonstrate that respon-

dents' determination with respect to the benefit derived by petitioner is "so arbitrary or palpably unjust as to amount to a confiscation of [the] property" *(Matter of DWS N. Y. Holdings v Dutchess County, supra,* at 838).

Respondents have not briefed the propriety of that part of the judgment adjudging that a portion of petitioner's property was improperly aggregated with property owned by another entity and, therefore, that issue is deemed abandoned *(see, Ciesinski v Town of Aurora,* 202 AD2d 984).

The issue with respect to how the assessment for the highway improvement district should be borne is not properly before us. The court, in its bench decision, stated: "I feel that * * * the improvements for the road benefit the larger area, not just the individual owners. The cost[s] and benefits should be borne at large." The judgment addresses only petitioner's fifth cause of action, adjudging that, because petitioner's property did not abut Hathaway Drive, it was not properly assessed within the district and also adjudging that part of petitioner's property was improperly aggregated in the tax rolls with other property not owned by petitioner. There is, therefore, an apparent gap between the decision and the judgment. Where there is a conflict between a decision and judgment, the decision controls *(see, Matter of Edward V.,* 204 AD2d 1060; *DiProspero v Ford Motor Co.,* 105 AD2d 479). Here, however, there is no conflict between the decision and judgment; there is, rather, a clear omission. If that omission was unintentional, respondents' remedy was to move to amend or resettle the judgment to accord with the decision *(see,* CPLR 5019 [a]; *Ansonia Assocs. v Ansonia Tenants Coalition,* 171 AD2d 411; *Crain v Crain,* 109 AD2d 1094; *see generally,* 73 NY Jur 2d, Judgments, §§ 187-188, 195). Although an irregularity in a judgment that does not affect a substantial right of a party may be corrected on appeal *(see,* CPLR 5019 [a]; *see generally,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.03), there is no basis to do so here in view of the lack of evidence that inclusion of the omitted portion of the decision was "the effect [the parties] patently intended" *(Halloran v Virginia Chems.,* 41 NY2d 386, 394).

Respondents' remaining contentions lack merit.

We, therefore, modify the judgment on appeal by vacating that part of the judgment that directed the deletion and exclusion of petitioner's property from the highway improvement district and the removal and exclusion of petitioner's property from any assessment or levy of the costs of the

highway improvement district and dismissing that part of the petition requesting such relief. (Appeal from Judgment of Supreme Court, Ontario County, Curran, J.—Article 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.