■ In the Matter of JACK PALMER et al., Appellants, v TOWN OF KIRKWOOD, Respondent. [731 NYS2d 814] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered December 31, 2000 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent establishing a sewer district.

On August 8, 2000, respondent's Town Board passed a resolution approving the establishment of Sewer District No. 4 to be located in the Town of Kirkwood, Broome County. Shortly thereafter, petitioners commenced the instant proceeding seeking to annul such determination contending that the proposed sewer district was established in violation of Town Law § 194. Specifically, insofar as is relevant to this appeal, petitioners asserted that respondent improperly excluded a lot known as the "Loma parcel" from the proposed sewer district and improperly included three parcels owned by New York State Electric and Gas Corporation (hereinafter NYSEG), two of which were occupied by transformers and one of which was vacant and unimproved. Supreme Court dismissed petitioners' application, prompting this appeal.

We affirm. Petitioners primarily contend that respondent violated Town Law § 194 by including the NYSEG parcels in the proposed sewer district. We cannot agree. Pursuant to Town Law § 194, the establishment or extension of an improvement district requires the relevant town board to determine,

*inter alia*, that the property or property owners sought to be included in the proposed district or extension will be benefited thereby (*see*, Town Law § 194 [1] [b]). " 'In evaluating whether a particular parcel is benefited by a public improvement, the test to be applied is not how the land is presently being used, but whether the improvement generally enhances the value of the property; the burden of disproving that the value of the property has been enhanced, which is a heavy one, must be borne by the petitioner' " (*Matter of Calm Lake Dev. v Town Bd.*, 213 AD2d 979, quoting *Matter of DWS N. Y. Holdings v County of Dutchess*, 110 AD2d 837, 838). Thus, a town board may consider the benefit that a proposed sewer district would confer upon unimproved land if such land were to be developed for residential purposes in the future (*see, Baglivi v Town of Highlands*, 147 AD2d 432), and "[t]he benefits received may equal, exceed or be less than the tax itself" (*Matter of DWS N. Y. Holdings v County of Dutchess, supra*, at 838). Whether a particular parcel will benefit from a particular improvement ordinarily is a question of fact, and unless it may be said, as a matter of law, that "the improvement may not by any possibility increase the value of [the subject] property," the Town Board's findings in this regard are conclusive (*Matter of Brewster-Mill Park Realty v Town Bd.*, 17 AD2d 467, 468).

Applying these principles to the matter before us, it is readily apparent that the three NYSEG parcels were properly included in the proposed sewer district, notwithstanding the fact that NYSEG presently has no use for the proposed sewer line. The record establishes that the proposed sewer line passes directly in front of the parcels at issue; hence, the value of the subject property has been enhanced by its inclusion in the proposed district, as such services are readily available in the event that NYSEG or a subsequent property owner has a need for sewer services. Stated another way, "it is entirely possible that the parcel[s] may be developed in a manner that utilizes the * * * improvement" (*Matter of Calm Lake Dev. v Town Bd., supra*, at 979). Petitioners' remaining challenge to the establishment of Sewer District No. 4, namely, that respondent erred in excluding the Loma parcel from the proposed sewer district, has been examined and found to be lacking in merit.

Petitioners next contend that respondent erred in failing to assess benefit units against the NYSEG parcels. In this regard, we need observe only that respondent's determination in this respect in no way affects whether the proposed sewer district was properly established under Town Law § 194. In other words, respondent's decision not to assess benefit units against

the subject parcels does not provide a basis for annulment of the August 8, 2000 resolution establishing Sewer District No. 4 and, as such, Supreme Court need not have reached this issue. Nonetheless, we note that the case law makes clear that the relevant inquiry is not whether NYSEG, as an entity, benefits from the proposed improvement but, rather, whether the value of the underlying real property has been enhanced so as to provide a basis for taxation (*see, id.*)—an inquiry that we have answered in the affirmative. Thus, the mere fact that NYSEG currently has no use for sewer services is not dispositive; "where a Town Board has determined that all property owners within an improvement area are benefited by an improvement, even though certain owners may not be serviced by the area's facilities, all real property must be assessed for the cost of the improvement" (*Sheldon v Town of Highlands*, 153 AD2d 733, 737). Thus, once it was determined that the NYSEG parcels would benefit from the proposed improvement, respondent was obligated to assess benefit units—however negligible—against the property (*see, Baglivi v Town of Highlands*, 147 AD2d 432, 433, *supra*), and its failure to do so was so arbitrary as to amount to a confiscation of petitioners' property (*see, Matter of DWS N. Y. Holdings v County of Dutchess*, 110 AD2d 837, 838, *supra*).

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.