■ In the Matter of BERTHA L. HAMILTON, Deceased. ANN T. MIKOLL et al., Appellants. [880 NYS2d 539]—

In a proceeding to settle an intermediate account of the petitioners as cotrustees of a testamentary trust, the petitioners appeal from an order of the Surrogate's Court, Chautauqua County (Cass, S.), dated August 19, 2008, which, sua sponte, amended the decretal provision of a prior decree of the same court (Phillips, S.), dated October 22, 1971. By decision and order of the Appellate Division, Fourth Department, entered November 24, 2008, this appeal was transferred to this Court for hearing and determination (*see* NY Const, art VI, § 4 [i]).

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements.

CPLR 5019 (a) provides a court with discretion to cure a "mistake, defect or irregularity" in a judgment regarding ministerial matters that do not affect the substantial rights of the parties (*see Kiker v Nassau County,* 85 NY2d 879, 881 [1995]; *Crain v Crain,* 109 AD2d 1094 [1985]). The record demonstrates that the decree did not contain a "mistake, defect or irregularity" (CPLR 5019 [a]). Accordingly, the Surrogate's Court lacked the authority to amend the decree's decretal paragraph pursuant to CPLR 5019 (a) (*cf. Matter of Calm Lake Dev. v Town Bd. of Town of Farmington,* 213 AD2d 979, 980 [1995]). Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.