■ In the Matter of J. CLIFFORD MACFARLANE et al., Appellants, v BRUCE C. BUDINE, as Supervisor of the Town of Walton, et al., Respondents. (Proceeding No. 1.) In the Matter of GLENN BOWKER, JR., Appellant, v BRUCE C. BUDINE, as Supervisor of the Town of Walton, et al., Respondents. (Proceeding No. 2.) — Appeal, in Proceeding No. 1, from an order of the Supreme Court at Special Term (Harlem, J.), entered August 7, 1980 in Delaware County, which granted respondents' motion to dismiss a proceeding, brought pursuant to section 51 of the General Municipal Law, to enjoin respondents from creating water and sewer districts and from purchasing certain undeveloped real property. Appeal, in Proceeding No. 2, from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered March 20, 1981 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of the Town Board of the Town of Walton regarding creation of water and sewer districts and the acquisition of certain undeveloped real property. In the first proceeding, a taxpayer's action brought pursuant to section 51 of the General Municipal Law, petitioners seek to annul, or at least put to a public referendum, actions taken by officials of the Town of Walton in connection with the acquisition and development of land in the town for use as an industrial park. Petitioner in the second proceeding, brought pursuant to CPLR article 78, seeks essentially the same relief. Both petitions were dismissed on respondents' motion and the instant appeals ensued. In the first proceeding, petitioners take issue with the method employed by the town board to create special water and sewer districts for the proposed industrial park. Respondents elected to first create the districts and then finance them by charging back all costs to the benefited property. Under article 12-A of the Town Law, only the sellers, as owners of real property located in the districts, could challenge the establishment of these districts. Essentially, petitioners contend that since the town intended to finance the purchase of this property and the creation of the districts with general town funds, town taxpayers have the right to be heard at a permissive referendum before those funds can be expended. They, therefore, argue that article 12-C of the Town Law should have been utilized. It is not charged that the procedure followed by the town under article 12-A was deficient in any respect, but simply that it was mandatory that the town proceed by resorting to article 12-C. Although dismissal of the petition, on the ground that it was premature, was inappropri-

ate since section 51 of the General Municipal Law is designed to prevent illegal actions by municipal or town officials and the relief sought may be prospective (*Wenk v City of New York,* 171 NY 607), dismissal was proper, nevertheless, because the petition fails to state a cause of action. As expressly provided by section 209-q (subd 1, par [c]) of the Town Law, the Legislature intended articles 12-A and 12-C to be alternative procedures. Hence the town had the option of utilizing either method, and the town board's action was, therefore, not illegal. Moreover, on these papers, no waste or injury has been shown. Petitioners cross-moved for leave to serve an amended petition alleging that the real estate contract between the town and the sellers is void by reason of the claimed presence of an impermissible conflict of interest. They assert that the same attorney represented both the town and the sellers in this matter. Although not considered to be the town's attorney in other situations, it may be that the attorney involved here was an "employee" of the town under section 800 of the General Municipal Law in this particular transaction. Because neither the extent of the attorney's relationship with the sellers nor if he indeed had a pecuniary interest in representing them can be ascertained from this record, we believe that leave to amend the petition should have been granted so as to permit resolution of the question of whether the attorney was the town's "employee" and, if so, whether he possessed an "interest" in the contract with the town within the meaning of article 18 of the General Municipal Law. One of the petitioners in the first proceeding, Glenn Bowker, Jr., is the sole petitioner in the second proceeding, wherein he seeks relief under section 209-g of the Town Law. That section permits any "interested person" aggrieved by any final determination or order made pursuant to article 12-A to obtain review under CPLR article 78, provided he also files an undertaking. While failure to furnish a bond prompted dismissal of his petition, a more compelling reason to do so exists. In our view, petitioner is not such an "interested person" for he does not own property within the proposed sewer and water districts (*Matter of Petrocci v Wright,* 51 Misc 2d 227). Inasmuch as he had no special rights or interests other than those common to all taxpayers and citizens, he lacks standing to bring this article 78 proceeding (*Matter of Abrams v New York City Tr. Auth.,* 48 AD2d 69, 70, affd 39 NY2d 990). Order, in Proceeding No. 1, modified, on the law and the facts, by reversing so much thereof as denied petitioners' cross motion to serve an amended petition, and cross motion granted, and, as so modified, affirmed, without costs. Order, in Proceeding No. 2, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.