■ DONALD J. MCDONOUGH, Appellant, v BONNIE HEIGHTS REALTY CORP., Respondent. [672 NYS2d 378] —Appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated September 6, 1996, which, inter alia, granted the defendant's motion to (a) vacate a judgment against it, entered upon its confession of judgment, and (b) enjoin the sale of certain real property.

Ordered that the order is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings after substitution of the personal representative of the plaintiff; and it is further,

Ordered that the respondent is awarded one bill of costs.

Initially, while no substitution was made for the named plaintiff after his death in 1989, the wife of the deceased plaintiff, who was the personal representative of his estate, has expressly consented to this Court's retention of jurisdiction. Moreover, the record establishes sufficient participation in the case by the personal representative who should have been substituted for the decedent (*cf., Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59, 60; *Hemphill v Rock,* 87 AD2d 836; *Wichlenski v Wichlenski,* 67 AD2d 944). Under the narrow circumstances presented here, this Court will retain jurisdiction of the case.

The appellant's principal contention, that the defendant erred in moving by order to show cause to vacate the confession of judgment rather than by commencing a plenary action, is unpreserved for appellate review (*see, Cooper, Selvin & Strassberg v Soda Dispensing Sys.,* 212 AD2d 498, 500). In any event, the court's order granting vacatur was not premised upon conflicting motion papers and affidavits (*cf., L.R. Dean, Inc. v International Energy Resources,* 213 AD2d 455), but was made after a full hearing at which several witnesses testified, various documents were admitted, and argument by counsel was entertained by the court.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.