■ JOHN LANGDON et al., Appellants, v TOWN OF WEBSTER et al., Respondents. (Appeal No. 1.) [706 NYS2d 924] —Order unanimously affirmed without costs. Same Memorandum as in *Langdon v Town of Webster* ([appeal No. 2] 270 AD2d 896 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Recusal.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ. [*See,* 182 Misc 2d 603.]

■ JOHN LANGDON et al., Appellants, v TOWN OF WEBSTER et al., Respondents. (Appeal No. 2.) [706 NYS2d 547] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs, residents of defendant Town of Webster (Town), initiated this General Municipal Law § 51 action challenging the adoption of a resolution that, *inter alia,* authorized the Town to enter into an agreement with the Monroe County Water Authority (Water Authority) for the construction and retail lease of water system facilities and operation of all Town water districts (enabling resolution). Plaintiffs also challenge a resolution that appropriated up to $1,091,259 from the Water District Capital Reserve Fund Account (water fund) to cover related costs and expenses (appropriation resolution). Plaintiffs seek a judgment declaring, *inter alia,* that the enabling and appropriation resolutions and the agreement are invalid for various reasons and that the water fund monies must be credited and refunded to the appropriate water districts.

Plaintiffs contend that the Supreme Court Justice, a Town property owner, should have recused himself on the ground that, if plaintiffs prevailed, he would receive a refund of monies in the water fund. Because the Town, and not the Supreme Court Justice, is vested with the authority to control expenditures and/or refunds of water-related monies (*see,* NY Const, art IX, § 1 [f]; General Municipal Law § 94), any economic interest of the court in the present matter is "merely possible or contingent" (*People v Whitridge,* 144 App Div 493, 498; *see, In re Virginia Elec. & Power Co. v Sun Shipbuilding & Dry Dock Co.,* 539 F2d 357, 366), and thus insufficient to warrant recusal.

Because plaintiffs failed to assert a valid fraud claim with respect to the public notices issued by the Town and their lack of proper notice claim amounts to an assertion of procedural irregularity, plaintiffs failed to state a cause of action under

General Municipal Law § 51 in this regard (*see, Starburst Realty Corp. v City of New York*, 125 AD2d 148, 154-156, *lv denied* 70 NY2d 605).

Contrary to plaintiffs' contention, the court properly determined that Town Law § 198 (3) (d) controls the use of the water fund. Town Law § 198 (3) (d) provides that the money collected from water charges "shall be applied toward the maintenance, operation, enlargement and improvement of the water system and for the payment of the principal and interest of bonds issued for the purposes of such district." Thus, while there are provisions that require expenses to be apportioned on a correlative benefit basis by requiring those benefitted to pay for improvements (*see, e.g.*, Town Law §§ 202, 202-a, 202-b, 208), there is no such restriction on the expenditure of funds generated from a Town's sale of water. In the present case, the Town established that the water fund consists of surplus monies from the Town's retail sale of water rather than monies generated from ad valorem or other taxes upon individuals in water districts, and that conversion to Water Authority service will benefit the entire Town. Thus, the Town is permitted to use such funds for the water system as a whole (*see*, NY Const, art IX, § 1 [f]; General Municipal Law § 94; *see generally*, 1991 Opns St Comp No. 91-28; 1989 Opns St Comp No. 89-59) and Town Law § 198 (3) (d) applies here.

We reject the contention of plaintiffs that the agreement abrogates Town Law § 202-b (1) by granting the Water Authority unfettered discretion to effect and pay for replacements and improvements to the Town's water system. That section provides, *inter alia*, that the Town, following a duly noticed public hearing, may acquire, construct, improve or replace water system facilities on behalf of its water districts. Because the Water Authority will be operating and maintaining the Town's water system, Town Law § 202-b (1) does not apply. We likewise reject plaintiffs' contention that, because the agreement will generate no proceeds, it abrogates Town Law § 198 (12) (c). That section does not require that a lease generate proceeds, but rather, provides that any proceeds realized therefrom shall be applied to satisfy outstanding debt on the particular property or facilities being leased.

Because Town Law § 198 (11) does not apply to the agreement in question, plaintiffs' further contention that a majority of the Town Board was required to execute the agreement is without merit. Although we agree with plaintiffs that the term of the agreement exceeds the maximum 40-year statutory term provided by Town Law § 198 (12) (b), plaintiffs have failed to

show how that illegality amounts to waste or injury, " 'imperil[s] the public interests or [is] calculated to work public injury or produce some public mischief'" (*Matter of Korn v Gulotta*, 72 NY2d 363, 372) with regard to the use of public property or funds (*see*, General Municipal Law § 51; *Duffy v Longo*, 207 AD2d 860, 862, *appeal dismissed* 86 NY2d 779). Plaintiffs' contention that the Town is ceding control of its water system is belied by a provision in the agreement obligating the Water Authority to return all leased property at the expiration of the agreement and to afford the Town the opportunity to buy at cost, less depreciation, any replacements or improvements to which the Water Authority has title.

We further reject the contention of plaintiffs that the agreement effectuates a sale of the Town's water system without compensation in violation of Town Law § 198 (12) (b). Pursuant to the agreement, the Water Authority has undertaken to make improvements to the Town's water system, including construction and replacements, for which it will expend over three million dollars. Furthermore, the Water Authority is obligated to operate and maintain the Town's water system at its own expense. The fact that the Water Authority may in its discretion implement improvements to the preexisting water system, to which it will retain title, does not amount to a "sale" of the Town's water system.

We conclude that the court properly determined that the Town Board authorized the initiation of, and expenditure of legal fees for, two separate lawsuits—*Matter of Santoro v Schreiber* (263 AD2d 953, *appeal dismissed* 94 NY2d 817) and *Matter of Briarwood Bldrs. v Shearer* (252 AD2d 944)—and that the Town did not impermissibly pay for the legal fees of private litigants. We have considered plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.— Declaratory Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ. [*See*, 182 Misc 2d 603.]