■ In the Matter of JANET I. ANGELIS et al., Appellants, v TOWN OF NEW BALTIMORE et al., Respondents. [818 NYS2d 635]—

Spain, J. Appeal from a judgment of the Supreme Court (Lalor, J.), entered November 4, 2005 in Greene County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review the establishment of a water district.

This proceeding concerns the validity of a water district established in the Town of New Baltimore, Greene County in May 2005. The district was created by petition circulated by a citizen's group known as the Study and Action Committee. Following acceptance of the petition by respondent Town Board of the Town of New Baltimore (hereinafter Board), notice to prop-

erty owners and a public hearing, the Board determined that the proposed water district was in the public interest, but found that the plan needed to be revised to eliminate some properties which were not benefitted by the proposed district and to add other properties which it determined would be benefitted (*see* Town Law § 194 [1]; *see also* Town Law §§ 190, 191, 193 [1] [a]). Thereafter, the Board published a revised plan, held another public hearing, conducted environmental review and obtained approval of the Comptroller; the district was thus established (*see* Town Law § 194).

Petitioners are residents of the Town who commenced this CPLR article 78 proceeding challenging the Town's establishment of the water district.* Supreme Court dismissed the petition, and petitioners appeal.

Initially, we reject petitioners' argument that the citizen petition was defective on its face and should have been rejected by the Board. Under Town Law article 12, the establishment of a water district may be initiated by a citizens' petition. "Such petition shall describe the boundaries of the proposed district . . . in a manner sufficient to identify the lands included therein as in a deed of conveyance, and shall be signed by [the owners, in the aggregate, of at least one half of the taxable real property situate in the proposed district], and acknowledged or proved in the same manner as a deed to be recorded, or authenticated in the manner provided by the election law for the authentication of nominating petitions" (Town Law § 191). Petitioners do *not* assert that the requisite number of signatures were not obtained, that those identified as signing the petition were not eligible signatories, that the signatories did not actually sign the petition, or that those who witnessed the signatures did not do so. Instead, petitioners focus on a number of technical defects; they point to, among other things, missing or incomplete information such as dates, county information and the assessed values of the signatory's property, to handwritten changes which

---

* The petition seeks to commence a hybrid proceeding/action seeking declaratory relief as well as certiorari review under CPLR article 78. Supreme Court properly dismissed those causes of action seeking declaratory judgments inasmuch as an article 78 proceeding is the exclusive means by which to review this action, undertaken pursuant to Town Law article 12, challenging the process by which the Town created the water district (*see* Town Law § 195 [2]; *Herzog v Town of Thompson*, 251 AD2d 917, 919 [1998], *lv dismissed and denied* 92 NY2d 943 [1998]; *but cf. Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 6 NY3d 744, 748 [2005] [holding Town Law § 195 (2) does not bar a plenary action attacking a Town's authority or jurisdiction to impose special ad valorem levies]; *New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 395 n 7 [2005] [same]).

were not initialed, and handwriting suggesting that one individual may have filled out information—such as tax map numbers and assessment valuation—for a number of different signatories.

After reviewing the petition and considering the omissions and defects alleged by petitioners, we find no defect fatal to the petition. We are educated in this regard by case law surrounding the sufficiency of petitions under the Election Law, where substantial compliance with requirements as to form is deemed acceptable (*see Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]). The defects asserted here are of form, rather than substance; they do not undermine the petition's content nor, in our view, do they present "an opportunity for prejudice or possibility of fraud" (*Matter of Hazell v Board of Elections of State of N.Y.*, 224 AD2d 806, 807 [1996], *lv denied* 87 NY2d 808 [1996]; *Matter of Rose v Smith*, 220 AD2d 922, 923 [1995]; *cf. Matter of Parker v Savago*, 143 AD2d 439, 441-442 [1988]).

Indeed, we find that the requirements of Town Law § 191 were satisfied. A few signatures were directly acknowledged by a notary. The majority were proved by the signature of a witness who then signed a statement, sworn before a notary, attesting to personal knowledge of each witness and to personally witnessing each signature. This method of proving signatures both comports with the requirements of executing a document for recording (*see* Real Property Law §§ 292, 298, 304) and is consistent with the manner provided in the Election Law for the authentication of nominating petitions (*see* Election Law §§ 6-140, 6-142). Further, the petition included a detailed description of the boundaries of the proposed district and—although not reproduced within the petition in the record—it is evident from the record that, contrary to petitioners' arguments, at least one map of the proposed district was included with the petition.

Petitioners also challenge certain aspects of the process by which the Board established the district. Central to these contentions is the fact that the Board altered the district boundaries from those included in the petition. We discern no error in the process followed and action taken by the Board. Indeed, Town Law § 194 (2) (b) expressly requires the Board to "specify the necessary changes of the boundaries of the proposed district" when it finds that properties within the proposed district are not benefitted or that properties not within the boundaries would be benefitted. The Board may then hold a further hearing and, should it conclude that the threshold requirements pertaining to the sufficiency of the petition are still met and that the proposed district—as reconstructed—is in

the public interest, it may adopt a resolution approving the altered district. It appears that the Board strictly followed this process and we are unpersuaded by petitioners' argument that the crafting of the boundaries and subsequent reconfiguration was a means of disenfranchising interested property owners. Further, despite petitioners' claim that the Board's establishment of the district improperly nullified the results of a previous, legitimate referendum wherein a similar water district was proposed and rejected by the Town's voters, it is clear that the law provides an alternate means—by petition—of establishing a water district which was properly followed (*see* Town Law arts 12, 12-a).

Petitioners' remaining contentions, including their assertion that the Board improperly provided the Study and Action Committee with engineering and legal work, are unsupported by the record.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.