[891 NYS2d 788]

In the Matter of GUY E. GOSIER et al., Respondents, v SCOTT G. AUBERTINE et al., Individually and as Members of Town Board of Town of Lyme, Appellants.

Fourth Department, December 30, 2009

## APPEARANCES OF COUNSEL

*Hrabchak, Gebo & Langone, P.C.*, Watertown (*Mark G. Gebo* of counsel), for appellants.

*James A. Gosier, P.C.*, Syracuse (*James A. Gosier* of counsel), for respondents.

**OPINION OF THE COURT**

Centra, J.

Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination rejecting a protest petition with respect to a proposed amendment to the Zoning Ordinance of the Town of Lyme (Zoning Ordinance). The narrow issue raised on this appeal is whether, under Town Law § 265 (1) (a), the signature of only one spouse with respect to property held as tenants by the entirety is sufficient for the property to be included in order to meet the 20% threshold required for a valid protest petition. We conclude that it is.

## Facts and Procedural History

BP Wind sought to construct a wind energy facility located partially in the Town of Lyme (Town). The Town Planning Board drafted a proposed local law to amend the Zoning Ordinance to regulate wind energy facilities, and the Town Board held hearings on the issue. Certain residents, including petitioners, were opposed to the local law based on their belief that it unduly restricted the development of wind energy facilities by, inter alia, requiring excessive setback requirements. Those residents signed the protest petition at issue with respect to the enactment of the local law and submitted it to the Town Board. According to the protest petition, those residents were property owners of at least 20% of the property included in the proposed local law. The Town's Office of Assessment reviewed the petition and, in its report, noted that the Town consisted of 35,920 acres, and that 20% of the total area would be 7,184 acres. The Office of Assessment concluded that the petition included 5,301.61 "valid acres" and 4,308.56 "invalid acres" and that the majority of the signatures relating to the "invalid acres" were themselves invalid because "[n]ot all owners of record on tax roll signed [the] petition." The Town Board reviewed the report of the Office of Assessment and agreed that the protest petition fell short of the minimum required number of signatures. The Town Board then passed the local law by a vote of 3 to 2.

As noted, petitioners commenced this proceeding seeking to annul the determination "rejecting or otherwise denying" the protest petition and, in their answer, respondents sought to

dismiss the CPLR article 78 petition. In granting the CPLR article 78 petition, Supreme Court determined that the protest petition was valid, that the determination was arbitrary and capricious and that the local law was invalid and void because it was adopted by a vote of less than a three-fourths majority. We conclude that the judgment should be affirmed.

## Discussion

Town Law § 265 provides as follows:

"1. Such regulations, restrictions and boundaries [contained in a town's zoning law] may from time to time be amended. Such amendment shall be effected by a simple majority vote of the town board, except that any such amendment shall require the approval of at least three-fourths of the members of the town board in the event such amendment is the subject of a written protest, presented to the town board and signed by:

"(a) the owners of [20%] or more of the area of land included in such proposed change . . . ."

Petitioners contend that the majority of the signatures on the protest petition that were not counted in determining the number of "valid acres" were signatures of only one spouse of property held as tenants by the entirety and that, had those signatures been counted, a supermajority vote of the Town Board would have been required. We agree with the court that the Town Board should have counted those signatures and that, because there was no supermajority vote of the Town Board, its determination adopting the local law must be annulled.

Town Law § 265 does not define "owners," nor is there any case law interpreting subdivision (1) (a) of the statute. The Court of Appeals, however, has interpreted a similar provision under section 191 of the Town Law (see Matter of Reister v Town Bd. of Town of Fleming, 18 NY2d 92, 94 [1966]). In that case, "[t]he assessment roll showed only the name of the husbands as the owners of property . . . when the property was in fact owned by both husbands and wives as tenants by the entirety," and the petition in that case, seeking the establishment of a water district, was signed only by the husbands (id.). The Court considered "whether, when the assessment roll lists only one tenant by the entirety as the owner, such tenant's signature on the petition is sufficient to vote the entire valuation" (id. at

95). The Court concluded that it was, considering the nature of a tenancy by the entirety. As the Court wrote, the "salient characteristic [of a tenancy by the entirety] is the unique relationship between a husband and his wife each of whom is seized of the whole and not of any undivided portion of the estate" such that "both and each own the entire fee" (*id.*; *see generally Matter of Violi*, 65 NY2d 392, 395 [1985]; *Stelz v Shreck*, 128 NY 263, 266 [1891]).

We acknowledge that *Reister* is distinguishable from this case because, in *Reister*, only one spouse was listed on the assessment roll while, here, both spouses were listed on the assessment roll. We nevertheless conclude that the same reasoning applies, and thus that it is sufficient to have the signature of only one spouse in order to consider the entire property for the purposes of Town Law § 265 (1) (a). We note that our holding is consistent with an opinion of the Attorney General interpreting a similar provision under the Village Law (*see* 1987 Ops Atty Gen No. 87-85 ["Because a joint tenant has a full, undivided interest in the property, a vote for a challenge . . . would count for the entire parcel of land and not some fraction based on the number of joint tenants"]; *see also* 1989 Ops Atty Gen No. 89-17).

Respondents contend that it would be unfair for one spouse to bind the other and effectively disenfranchise half of the owners of properties held as tenants by the entirety. We reject that contention. Indeed, it would be similarly unfair for one spouse to withhold his or her consent to the signing of the petition and thereby prevent any of the property from being included in the protest petition. Based on the nature of property held as tenants by the entirety, we believe that it is sufficient for only one spouse to sign the petition. If the Legislature deems it appropriate to define "owners" as all of the record owners of the property, it may certainly revise the statute to do so.

Accordingly, we conclude that the judgment should be affirmed.

SCUDDER, P.J., HURLBUTT and SMITH, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously affirmed, without costs.