*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    518903
_____

RAYMOND C. KILMER et al.,
                    Respondents,

            v                           MEMORANDUM AND ORDER

SHANNON MOSEMAN et al.,
                    Defendants,
        and

ARTHUR KILMER HOMESTEAD LOG
    AND STONE, INC.,
                    Appellant.
_____

Calendar Date:  November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                        _____


        Tatiana Neroni, Delhi, for appellant.

        Hinman, Howard & Katell, LLP, Binghamton (Michael Keenan of
counsel), for respondents.

                        _____


Garry, J.

        Appeal from an order of the Supreme Court (Dowd, J.),
entered June 17, 2013 in Delaware County, which, among other
things, denied a motion by defendant Arthur Kilmer Homestead Log
and Stone, Inc. to, among other things, disqualify the assigned
Supreme Court Justice.

        Arthur Kilmer Sr. owned certain parcels of real property
until his death in 1978.  In his will, he devised a joint life
estate in property on East River Road in the Town of Walton,
Delaware County (hereinafter East River) to two of his sons,

defendant Roger A. Kilmer and Kenneth Kilmer. The will further directed that after the deaths of both Roger Kilmer and Kenneth Kilmer, a 50% interest in East River would be granted to the distributees of each. A third son, Roy Kilmer, was granted a life estate in property on Houck Mountain in Walton (hereinafter Houck Mountain). Upon Roy Kilmer's death, Houck Mountain was to be devised "to [Arthur Kilmer's] other children or their distributees per stirpes and not per capita." Thereafter, in 2004, Kenneth Kilmer died intestate and, as he outlived his parents and died childless and single, "the issue of [his] parents, by representation," will inherit a one-half interest in East River upon Roger Kilmer's death (EPTL 4-1.1 [a] [5]). In 2005, Roy Kilmer passed away without any surviving children, and Roger Kilmer serves as administrator of his estate. Another of Arthur Kilmer's sons, William C. Kilmer (hereinafter decedent), had both a contingent remainder interest in East River and an ownership interest in Houck Mountain. Plaintiffs Raymond C. Kilmer, Timothy W. Kilmer and Judith M. Beardslee (hereinafter collectively referred to as plaintiffs) were decedent's children and served as his attorneys-in-fact.

Plaintiffs and decedent commenced this action and asserted numerous causes of action related to trespass and the improper removal of timber and stone from Houck Mountain and East River. Of particular relevance here is defendant Arthur Kilmer Homestead Log and Stone, Inc. (hereinafter Homestead), which was formed in 2006 and tasked with managing the quarrying and logging activities at Houck Mountain. Homestead was created at the suggestion of former attorney Frederick Neroni, who was purportedly its president and was tasked with collecting the proceeds of the quarrying and logging operations. Plaintiffs seek damages for the alleged trespass, as well as an accounting to determine what happened to approximately $200,000 that allegedly vanished in Neroni's care.

In October 2011, Homestead moved for various forms of relief, including the dismissal of claims against it regarding Houck Mountain for failure to state a cause of action and summary judgment dismissing the complaint regarding East River. Decedent passed away on November 6, 2011. Without notifying Supreme Court of that fact or seeking to substitute decedent's estate as a

party, plaintiffs submitted opposition to Homestead's motion and cross-moved for, among other things, a court-ordered deposition of Neroni.  In a December 2011 order, Supreme Court (Lambert, J.) denied Homestead's motion and granted plaintiffs' cross motion.

Plaintiffs then moved to, among other things, add the coexecutors of decedent's estate, Timothy W. Kilmer and Patricia Cieluszak, as party plaintiffs and sought an order directing Neroni to appear for a court-supervised deposition.  Homestead responded by moving to: disqualify Acting Supreme Court Justice Lambert from presiding over the action; disqualify the law firm representing Roger Kilmer and Paulette Kilmer; sanction various individuals, including counsel for plaintiffs; and for dismissal of the claims against Homestead as they relate to East River. Shortly after that motion was filed, Supreme Court Justice Dowd was assigned to hear and determine the matters in this action. Homestead then moved to disqualify Justice Dowd and again sought sanctions against counsel for plaintiffs.  Supreme Court granted plaintiffs' motion in part, ordering the addition of coexecutors of decedent's estate nunc pro tunc and directing Neroni to appear for a deposition, and granted that part of the motion by Homestead seeking to disqualify counsel for Roger Kilmer and Paulette Kilmer.  Homestead now appeals, and we affirm.

Homestead initially contends that Supreme Court was not entitled to rule on the various motions of the parties made in 2011 because decedent had died and his estate had not yet been made a party.  "Ordinarily the death of a party results in a stay of the proceedings and, absent substitution of a proper legal representative, Supreme Court's [2011 order] would be void . . ." (Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health, 91 AD3d 1224, 1225 n 1 [2012], lv denied 20 NY3d 861 [2013] [citations omitted]; see CPLR 1015, 1021; Thibodeau v Martin, 119 AD3d 1015, 1015 n 1 [2014]).[1]  The personal

_____

[1]  Homestead filed a notice of appeal from the 2011 order, but it does not appear that the appeal was perfected.  We assume here, without deciding, that Homestead's current challenge constitutes one to Supreme Court's "competence to entertain [the 2011 motions rather than] its power to render a judgment on the

representative of decedent's estate would be the appropriate party to substitute, however, and one of the coexecutors of his estate is Timothy W. Kilmer (see McDonough v Bonnie Heights Realty Corp., 249 AD2d 520, 521 [1998]). Moreover, while decedent's death revoked the power of attorney he had granted to plaintiffs, all of them inherited shares of his estate and were motivated to protect its interests (cf. Wisdom v Wisdom, 111 AD2d 13, 14-15 [1985]). Plaintiffs had "a clear identity of interest" with the estate and "decedent's unique interests [were] not jeopardized in the absence of a personal representative" and thus, under these circumstances, Supreme Court was free to act prior to the formal substitution of the estate as a party plaintiff (Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 60 [1985], amended 112 AD2d 825 [1985]; see McDonough v Bonnie Heights Realty Corp., 249 AD2d at 521; cf. Matter of Sills v Fleet Natl. Bank, 81 AD3d 1422, 1423-1424 [2011]).

Homestead repeatedly asserts that Justice Dowd erred in refusing to recuse himself in this matter, pointing to the fact that Ellen Coccoma, who has served as counsel for plaintiffs, is the wife of the Deputy Chief Administrative Judge for Courts Outside New York City. Homestead specifically argues that the Deputy Chief Administrative Judge controls the assignments given to retired Supreme Court Justices serving as Judicial Hearing Officers and could thus conceivably cause difficulties for Justice Dowd following his retirement if he sanctioned or otherwise ruled against Ellen Coccoma in this action (see Judiciary Law §§ 850 [1]; 851, 852; 22 NYCRR 81.1). We do not agree that this remote, speculative, "possible or contingent" financial interest warrants the disqualification of Justice Dowd (People v Whitridge, 144 App Div 493, 498 [1911]; see Langdon v Town of Webster, 270 AD2d 896, 896 [2000], lv denied 95 NY2d 766 [2000]).

To the extent that Homestead's arguments regarding dismissal of the complaint with regard to East River are properly

_____

merits" that may appropriately be asserted upon this appeal (Lacks v Lacks, 41 NY2d 71, 75 [1976]; see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]).

before us, Supreme Court correctly rejected them.  Homestead asserts, among other things, that decedent's interest in East River was extinguished upon his death and that the claims regarding that property should be dismissed (see CPLR 1015 [a]). Arthur Kilmer's will provided that Kenneth Kilmer's "distributees . . . living at the time of the termination of the life estates" would inherit a one-half interest in East River, meaning that decedent's estate has no interest in that property.  Given that "[a] distributee is a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution," however, plaintiffs do have a contingent interest in East River (EPTL 1-2.5; see EPTL 1-2.16, 4-1.1 [a] [5]).  They are therefore entitled to assert claims relating to waste by the life tenant and his agents, including Homestead, and seek an accounting for their actions at East River (see RPAPL 1501 [1]; SCPA 103 [30]; 2201; Matter of Gaffers, 254 App Div 448, 451-452 [1938]).

We have examined the remaining claims of Homestead, including that Supreme Court abused its discretion in failing to sanction counsel for plaintiffs for her purported concealment of decedent's death, and that Supreme Court improperly directed that Neroni's deposition occur at the Delaware County Courthouse, and find them to be wholly lacking in merit.

Lahtinen, J.P., Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court