OPINION OF THE COURT
Joseph E. Capella, J.
There is little dispute as to the facts in this wrongful death action. Edeida Rodriguez (Edeida) died on December 27, 2013, and on March 18, 2016, her son, Reinaldo Rodriguez (Reinaldo), commenced an action (initial action) as the “proposed administrator” of Edeida for personal injuries and wrongful death as a result of the negligent medical treatment provided by the defendants. Since formal letters of administration had not been issued authorizing Reinaldo to bring suit on behalf of *359 Edeida’s estate, the initial action was dismissed for lack of legal capacity (CPLR 3211 [a] [3]) by court order dated May 26, 2016 (and entered June 1, 2016). On November 18, 2016, Reinaldo commenced the instant identical action, but this time as the “voluntary administrator,” and the defendants were served with the summons and complaint on November 23, 2016. On December 19, 2016, the defendant, Gracie Square Hospital, answered. The defendant, River Valley Care Center Inc., never answered within the prescribed 20 day period after service of the summons and complaint (CPLR 320); however, on March 17, 2017, it did make the instant motion for dismissal pursuant to CPLR 3211 (a) (3). According to River Valley’s motion, the plaintiff lacks legal capacity to commence the instant action because a voluntary administrator cannot enforce a claim for wrongful death or for personal injuries to the decedent. (SCPA 1306 [3].) On April 4, 2017, Gracie Square cross-moved for the same relief, and on May 12, 2017, the plaintiff cross-moved to amend the summons and complaint to reflect plaintiff’s receipt of letters of administration dated April 18, 2017, and for a default judgment (CPLR 3215) against River Valley.
Before addressing the merits of River Valley’s motion to dismiss, the court will first address the plaintiff’s argument set forth in his opposition and cross motion that said motion by River Valley is untimely inasmuch as River Valley did not secure an extension of time to appear. (CPLR 2004 [extension of time permitted for good cause]; U.S. Bank N.A. v Gonzalez, 99 AD3d 694 [2d Dept 2012].) While there is a strong public policy to dispose of cases on their merits (Berardo v Guillet, 86 AD3d 459 [1st Dept 2011]), the affirmation in support of the motion by River Valley does not address its untimeliness, nor does it set forth a good cause for the delay. (CPLR 2004.) However, it is clear from the opposition and reply papers that before this motion was made, the attorneys unsuccessfully attempted to negotiate an extension of time for River Valley. To the extent that these negotiations may not qualify as a good cause for the delay, there is also a letter dated March 10, 2017, from plaintiff to River Valley indicating that he had not received an answer. A copy of the summons and complaint was included in the letter, with instructions to forward same to its “attorney or insurance carrier, so that they may put in an answer.” Lastly, the letter provides that “failing to hear from either you or your attorney or insurance carrier within twenty (20) days of receipt of this letter, [plaintiff] shall have no *360 alternative but to take a default judgment against you” (emphasis added). And as already noted, seven days later (i.e., Mar. 17, 2017), the plaintiff heard from River Valley in the form of this motion. Based on the aforementioned, this court is satisfied that good cause has been demonstrated in that River Valley was provided a 20 day extension from March 10, 2017, to respond to the summons and complaint. As such, River Valley’s motion is timely and plaintiff’s request for a default judgment is denied.
Turning now to the merits of the defendants’ request, it must be noted that a wrongful death action is purely a creature of statute, specifically section 5-4.1 of the Estates, Powers and Trusts Law, and the corresponding two year statute of limitations runs from the date of decedent’s death. Moreover, the existence of a qualified administrator is a condition precedent to and an essential element of the maintenance of such an action, and the statutory right to recover for wrongful death does not arise until an administrator has been named through the issuance of letters of administration from the Surrogate’s Court. (Carrick v Central Gen. Hosp., 51 NY2d 242 [1980]; Dawson v Langner, 106 AD2d 152 [4th Dept 1985].) In opposing the motion by River Valley and in support of his cross motion to amend, the plaintiff relies upon Nieves v 331 E. 109th St. Corp. (112 AD2d 59 [1st Dept 1985]) and Kilmer v Moseman (124 AD3d 1195 [3d Dept 2015]). As noted in the reply papers by River Valley, Nieves and Kilmer are inapplicable because they were actions in which one of the parties died during the pendency of the litigation. It is well-settled that when this occurs, the action is stayed because at that point, the court is divested of jurisdiction to render a judgment until a proper substitution is made. (Nieves, 112 AD2d 59.) That is not the case here because Edeida died before commencement of this action, and as such, a qualified administrator is a condition precedent to this action.
While it is true that the dismissal of plaintiff’s first action for lack of a duly appointed administrator was entered June 1, 2016, and the statute of limitations had already expired in December 2015, the savings provision of section 205 of the CPLR did provide plaintiff with a six month extension. This is true because CPLR 205 can be used to resuscitate actions that were previously dismissed due to some error not pertaining to the merits of the underlying claim. (George v Mt. Sinai Hosp., 47 NY2d 170 [1979].) And here, the dismissal of plaintiff’s *361 earlier action for lack of a duly appointed administrator is not considered a final judgment on the merits which would preclude the use of CPLR 205. (Carrick, 51 NY2d 242; George, 47 NY2d 170.) Therefore, the plaintiff had until the end of November 2016, some six months after June 1, 2016, to obtain the appropriate letters of administration and commence a new action.
The plaintiff commenced this action on November 18, 2016, which is just within the six month time period provided by CPLR 205, but he commenced it as the “voluntary administrator” of decedent’s estate. A voluntary administrator is a fiduciary; however, it is fairly restricted in that it only has authority to bring a proceeding to recover estate assets that do not exceed $30,000. (SCPA 1306.) More importantly, a voluntary administrator does not have the power to enforce a claim for a decedent’s wrongful death or personal injuries. (Id.) It was not until April 18, 2017, some five months after the CPLR 205 extension had lapsed, that plaintiff finally received “letters of administration.” A similar issue was addressed by the First Department in a case entitled Bernardez v City of New York (100 AD2d 798 [1984]). In Bernardez, the plaintiff inaccurately described herself in the summons and complaint as the administratrix of the estate. Some five months after service of the summons and complaint, the plaintiff finally received her letters of administration, and soon thereafter moved for leave to amend her pleadings accordingly. In response, the defendants in Bernárdez cross-moved for dismissal, alleging that the original complaint was defective in that plaintiff was not an appropriate person to commence the action. The First Department in Bernárdez affirmed the Special Term’s denial of plaintiff’s motion and granting of defendants’ cross motion on a finding that the action was improperly commenced before the issuance of letters of administration. As was the case in Ber-nárdez, the instant action by plaintiff was once again improperly commenced in that letters of administration had not been issued.
Based on the aforementioned, the motion by River Valley and cross motion by Gracie Square for dismissal of this action is granted, and the plaintiff’s cross motion is denied.