Estate of Annie Williams, Respondent,
against
Global Square, Inc., Appellant, et al., Undertenants.




Frank Hosein, Jr., Esq. (Frank Hosein, Jr. and Stephen J. Riegel of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C. (Jaime Lathrop of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), dated June 3, 2016. The order, insofar as appealed from, implicitly denied the branches of occupant's motion seeking to, among other things, vacate a default final judgment of that court entered February 25, 2016 upon occupant's failure to appear and answer the petition, dismiss the petition, and restore occupant to possession in a licensee summary proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branches of occupant's motion seeking to vacate the default final judgment, to dismiss the petition and to restore occupant to possession are granted.
Insofar as is relevant to this appeal in a commercial licensee summary proceeding (see RPAPL 713 [7]), occupant moved to, among other things, vacate a default final judgment that had been entered against it on February 25, 2016, to dismiss the petition and to be restored to possession, asserting, among other things, that service was improper, and that occupant was in possession pursuant to a lease and was not a licensee. Occupant appeals from so much of an order of the Civil Court entered June 3, 2016 as implicitly denied those branches of occupant's motion. 
At the outset, we note that an estate is not a legal entity, and any action on behalf of or against the estate must be by or against the executor or administrator of the estate in his or her representative capacity (see Grosso v Estate of Gershenson, 33 AD3d 587 [2006]; Greenpoint Ave. Realty, LLC v Estate of Galasso, 18 Misc 3d 135[A], 2008 NY Slip Op 50208[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, the petition is defective because it names an estate as the petitioner. However, as the petition was verified by a co-executor of the estate, the defect is not jurisdictional and we deem the co-executor, Patricia Williams, to be the petitioner (see Greenpoint Ave. Realty, LLC v Estate of Galasso, 18 Misc 3d 135[A], 2008 NY Slip Op [*2]50208[U]; see also McDonough v Bonnie Hgts. Realty Corp., 249 AD2d 520 [1998]).
In our view, occupant's affidavit in support of its motion was insufficient to establish occupant's claim that petitioner knew or should have known that the premises was unoccupied at the time that service was effected at the premises, and thus that service was improper.
However, occupant established an excusable default and a meritorious defense (see CPLR 5015 [a] [1]). Occupant established that it was not in occupancy at the time service was effected and that it had no notice of the proceeding until it received a copy of an April 2016 notice of motion in a parallel Supreme Court action. Occupant also showed that it was in possession pursuant to a lease executed by Gregg Williams and that Gregg Williams is one of the deed owners of the premises. Moreover, even if, as petitioner claims, occupant's lease is invalid, occupant had been placed into exclusive possession by Gregg Williams, a tenant in common in the property, and was not petitioner's licensee. Thus, this licensee proceeding does not lie.
Accordingly, the order, insofar as appealed from, is reversed, and the branches of occupant's motion seeking to vacate the default final judgment, to dismiss the petition and to restore occupant to possession are granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018