Matter of Beer v Town of New Paltz (2020 NY Slip Op 00191)





Matter of Beer v Town of New Paltz


2020 NY Slip Op 00191


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528273

[*1]In the Matter of Ingrid Beer, Appellant,
v
Town of New Paltz et al., Respondents.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Marty I. Rosenbaum, Albany, for appellant.
DiStasi Moriello & Murphy Law PLLC, Highland (Joseph M. Moriello of counsel), for respondents.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered March 22, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Town Board of respondent Town of New Paltz establishing Water District No. 5.
The New York City Department of Environmental Protection (hereinafter DEP) operates and maintains the water supply system for the City of New York utilizing a number of reservoirs and lakes located in the Hudson Valley and Catskill Mountains. In addition to providing drinking water to the City of New York, this system also provides water to a number of other communities in Westchester, Orange, Putnam and Ulster Counties, including respondent Town of New Paltz. In order to perform maintenance work on this system, DEP determined that it would need to interrupt the supply of water to the Town on multiple occasions for extended periods of time. In response, the Town identified a well at 101 Plains Road within the Town that was determined to have adequate capacity and water quality to serve as an alternate source of supply and, in 2014, a report was issued recommending, among other things, the establishment of a new water district in the area of Plains Road. In June 2015, the Town Board of the Town of New Paltz adopted a resolution authorizing an intergovernmental agreement with the City of New York and DEP that provided that DEP would, among other things, provide the Town with the funding necessary to plan and design two groundwater systems, including, as relevant here, the well located at 101 Plains Road. Thereafter, in November 2015, a majority of property owners within the proposed district filed a petition (hereinafter the citizens' petition) for the establishment of Water District No. 5 (hereinafter the district). Following an environmental review under the State Environmental Quality Review Act (see ECL art 8), the Town Board issued a negative declaration [FN1] and, following two public hearings, on February 25, 2016, adopted a resolution and order establishing the district (hereinafter the determination).
In March 2016, petitioner, a property owner within the area to be served by the district, commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination. Petitioner set forth nine causes of action, contending that the determination suffered from numerous procedural errors and/or omissions pursuant to Town Law article 12. In April 2016, respondents filed a pre-answer motion to dismiss, arguing, among other things, that the petition failed to state a cause of action upon which relief may be granted. In September 2016, Supreme Court partially granted respondents' motion by dismissing petitioner's second, fifth and seventh causes of action.[FN2] Respondents then answered, and, in March 2018, Supreme Court dismissed the remaining five causes of action on the merits. This appeal ensued.[FN3]
Petitioner contends that Supreme Court erred when it partially granted respondents' pre-answer motion, dismissing her second, fifth and seventh causes of action. We disagree. Supreme Court properly dismissed petitioner's second cause of action alleging that the citizens' petition and accompanying documentation failed to properly describe and define the boundaries of the district pursuant to Town Law § 191. Town Law § 191 provides, in relevant part, that a petition for the establishment of a water district "shall describe the boundaries of the proposed district . . . in a manner sufficient to identify the lands included therein as in a deed of conveyance." Here, the citizens' petition was supplemented by, among other attachments, (1) a map depicting the boundaries of the district, (2) a list of the tax map identification numbers and addresses of all 86 properties to be included within the district and (3) a "Map, Plan and Report" prepared by David Clouser & Associates, the engineer for the Town (hereinafter the Clouser report), which provided a detailed description of the project, including its proposed boundaries. Although no survey or metes and bounds description of the district were provided, nothing in Tax Law § 191 requires that a petition for the establishment of a water district contain same. Rather, given that the citizens' petition was amplified by a map providing a clear, visual depiction of the boundaries of the district, as well as a list of the tax identification numbers and addresses of each property to be included within the district, we find that respondents substantially complied with Town Law § 191 inasmuch as the land to be included within the district was sufficiently identified (see Matter of Angelis v Town of New Baltimore, 30 AD3d 940, 942 [2006], lv denied 7 NY3d 712 [2006]).
With respect to petitioner's fifth cause of action, alleging that the citizens' petition contained certain fraudulent misrepresentations, we agree with petitioner that Supreme Court erred to the extent that it found said cause of action to be outside the parameters of the court's review. Notwithstanding, we find that this cause of action was nevertheless properly dismissed. Even accepting petitioner's allegations as true, other than her conclusory assertions, there were no specifically detailed factual allegations provided to support a cause of action for fraud (see CPLR 3016; Cheslowitz v Board of Trustees of the Knox Sch., 156 AD3d 753, 756 [2017]; Matter of Gilheany v Civil Serv. Empls. Assn., 59 AD2d 834, 836 [1977]; see also Langdon v Town of Webster, 270 AD2d 896, 896-897 [2000]; Town of Islip v Clark, 90 AD2d 500, 501 [1982]). Similarly, Supreme Court properly dismissed petitioner's seventh cause of action alleging that the Town improperly expended funds in support of the citizens' petition for the establishment of the district without having adopted a resolution specifically approving same (see Town Law § 191-a). The Town adopted a resolution in June 2015 authorizing an intergovernmental agreement with DEP providing, among other things, that DEP would cover the costs incurred by the Town to plan, design and prepare for the construction of two groundwater systems, including the well at 101 Plains Road. Pursuant to this agreement, as long as the Town complies with the terms thereof, DEP is contractually obligated to reimburse the Town for all eligible expenses incurred for the design and necessary preparations to construct the proposed groundwater systems such that no cost is to ultimately be borne by the Town in furtherance of the establishment of the district.[FN4] Moreover, since the establishment of the district was initiated via a citizens' petition pursuant to Town Law article 12, as opposed to the Town Board's own motion pursuant to Town Law article 12-a, the Town Board was not required to conduct a permissive referendum regarding the formation of this "no cost improvement district" (compare Town Law § 190-c, with Town Law § 209-b; see generally Matter of Angelis v Town of New Baltimore, 30 AD3d at 943; Matter of MacFarlane v Budine, 86 AD2d 731, 732 [1982], lv denied 56 NY2d 506 [1982]).
Supreme Court also properly dismissed, following joinder of issue, petitioner's third, fourth, sixth, eighth and ninth causes of action on the merits. Petitioner's contention that Supreme Court improperly dismissed her third cause of action alleging that the citizens' petition and public notice of hearing with regard thereto failed to comply with Town Law §§ 191 and 193 is without merit. Both the citizens' petition and the subject public notice provided that the maximum amount proposed to be expended for the establishment of the district was $2,375,000. These documents also specifically set forth and explained the estimated cost to the average user in the district and how this cost was determined (see Town Law §§ 191, 193 [1] [a]; [2] [c]),[FN5] and the Clouser report provided additional detailed information regarding how the costs to the average user were calculated.[FN6] The Town Board's public notice, therefore, properly outlined the general terms contained in the petition, and all persons potentially affected thereby were on notice of and had access to the relevant figures and calculations prior to the December 2015 and February 2016 public hearings in conformity with Town Law § 193. The public also had a full and fair opportunity thereafter to be heard with regard thereto. Accordingly, we find Supreme Court properly dismissed petitioner's third cause of action.
We are also unpersuaded that Supreme Court erred in dismissing petitioner's fourth cause of action, contending that the Town Board violated Town Law §§ 191, 192 and 194 as neither the citizens' petition nor the Town Board's resulting determination properly identified the mode of constructing the proposed water district or included the location of all proposed water outlets, including water mains, pipes and fire hydrants. As previously indicated, a map and plan for the district were attached to the citizens' petition, identifying the source of the groundwater supply and the lands to be acquired — i.e., "a plentiful and high quality water supply source . . . [located] at 101 Plains Road." The map and plan further provided that "the proposed wells, the water treatment facility, and the water distribution mains [are] to be installed in the public road right-of-ways" within the proposed water district and that all 86 properties to be served "will be connected to the water distribution mains that will be located in the road right-of-ways." Although respondents concede that the map and plan did not specifically indicate the number and/or location of all fire hydrants that were to be installed, the record demonstrates that, at a December 2015 public hearing regarding the establishment of the district, the public was informed that the fire hydrants would be "spaced no more than 400 feet apart" and that the location thereof could vary within this maximum spacing.[FN7] No further questions or objections were raised at the hearing with regard to fire hydrant placement and, in the absence of any prejudice to petitioner, the citizens' petition, as amplified by the map, plan and the Clouser report, adequately demonstrate the Town's substantial compliance with Town Law § 191, and any error or omission by the Town in failing to specifically indicate the location of each fire hydrant in the district was not so consequential as to warrant annulment of the determination (see Town Law §§ 191, 192, 194; Matter of Angelis v Town of New Baltimore, 30 AD3d at 942; see also Matter of Wright v Town Bd. of Town of Carlton, 70 Misc 2d 1, 6-7 [Sup Ct, Erie County 1972], mod on other grounds 41 AD2d 290 [1973], affd 33 NY2d 977 [1974]).
We reject petitioner's contention that her sixth cause of action was improperly dismissed because the citizens' petition failed to include the requisite number of authorized signatures, representing more than 50% of the total assessed value of the properties in the district. Initially, Supreme Court properly included in its signature count the signatures for those properties owned by joint tenants where only one joint tenant signed the citizens' petition since, in joint tenancy, each joint tenant owns the property conjointly with his or her other joint tenant(s) (see Moskowitz v Marrow, 251 NY 380, 389-390 [1929]; 1989 Op Atty Gen No. 89-17; 1987 Op Atty Gen No. 87-85; cf. Matter of Reister v Town Bd. of Town of Fleming, 18 NY2d 92, 95 [1966]; Matter of Gosier v Aubertine, 71 AD3d 76, 79 [2009]). Further, to the extent that petitioner argues that 10 signatures on the citizens' petition were illegible, violated the Town Law and should have been discounted, we note that each signature was listed directly adjacent to the corresponding residence of the owner and all the signatures were accompanied by the attestation of the subscribing witnesses such that they were properly authenticated in the same manner as a deed to be recorded in conformity with the Town Law (see Town Law § 191). Supreme Court also properly included in its calculation of total assessed value the property located at 150 Plains Road and properly excluded from the total assessed value certain property located at 22-28 Cedar Lane.[FN8] Simply put, none of the procedural defects and/or omissions asserted by petitioner serves to "undermine the petition's content nor . . . do they present an opportunity for prejudice or possibility of fraud" (Matter of Angelis v Town of New Baltimore, 30 AD3d at 942 [internal quotation marks and citations omitted]); therefore, upon review, we find that Supreme Court properly dismissed petitioner's sixth cause of action.
Finally, Supreme Court properly dismissed petitioner's eighth and ninth causes of action, alleging that not all persons or properties that stood to benefit from the district were included in the district and that not all properties within the district will benefit therefrom. Pursuant to Town Law § 194, when establishing a water district, the Town Board must determine by resolution, among other things, "whether all the property and property owners within the proposed district or extension are benefitted thereby" and "whether all the property and property owners benefited are included within the limits of the proposed district or extension" (Town Law § 194 [b], [c]). The test to determine whether a property benefits from a public improvement such as a proposed water district "is not how the land is presently being used, but whether the improvement generally enhances the value of the property; the burden of disproving that the value of the property has been enhanced, which is a heavy one, must be borne by the petitioner" (Matter of Palmer v Town of Kirkwood, 288 AD2d 540, 541 [2001] [internal quotation marks and citations omitted]; see Matter of Brewster-Mill Park Realty v Town Bd. of Town of N. Elba, 17 AD2d 467, 468 [1962]). "The determination by a town board with respect to the amount of benefit conferred on properties by improvements involves the exercise of the legislative power which will not be interfered with unless it is shown to be [an] arbitrary [abuse of power]" (Matter of DWS N.Y. Holdings v County of Dutchess, 110 AD2d 837, 838 [1985]; see Matter of Brewster-Mill Park Realty v Town Bd. of Town of N. Elba, 17 AD2d at 468).
We find no basis to disturb Supreme Court's confirmation of the Town Board's determination that, insofar as the property of those residents outside of the district would not be touched by the infrastructure improvements resulting from creation of the district, said property value "would not be affected in quality or value" so as to be benefited under the statute, and petitioner has failed to demonstrate that the Town Board's determination in this regard was an arbitrary exercise of its legislative power (see Matter of Brewster-Mill Park Realty v Town Bd. of Town of N. Elba, 17 AD2d at 468; compare Matter of Palmer v Town of Kirkwood, 288 AD2d 541). For similar reasons, we cannot say that the 86 properties included in the district will not have their values enhanced given that the subject infrastructure improvements will be installed along the rights-of-way adjacent to these properties, which will provide access to a continuous and safe public drinking water supply as well as the installation of fire hydrants for heightened fire protection (see Matter of Brewster-Mill Park Realty v Town Bd. of Town of N. Elba, 17 AD2d at 468; Matter of Wright v Town Bd. of Town of Carlton, 70 Misc 2d at 6). To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: This Court affirmed the dismissal of a prior CPLR article 78 petition filed by various property owners within the district — including petitioner — who alleged that respondents failed to comply with the requirements of the State Environmental Quality Review Act (Matter of Beer v Village of New Paltz, 163 AD3d 1215 [2018]).

Footnote 2: In her opposition papers, petitioner withdrew her first cause of action.

Footnote 3: Petitioner and two other individuals commenced a separate CPLR article 78 proceeding challenging a determination by the Department of Environmental Conservation granting a water withdrawal permit to the Town with regard to the district. In March 2019, Supreme Court (DeBow, J.) dismissed this petition; an appeal therefrom remains pending.

Footnote 4: Petitioner did not challenge the Town's June 2015 adoption of this resolution.

Footnote 5: The November 26, 2015 order calling for a public hearing stated, in relevant part, that the future expenses of hook-up fees for users would be paid by the City of New York at no cost to the Town and "the estimated cost to the average user is estimated to be approximately $18.00 per month ($126.00 per year) based upon a three (3) bedroom home with average usage of 200 gallons per day based upon industry standard costs for the type of groundwater source and supply public water system to be constructed."

Footnote 6: Although said report was not filed until after the public notice had been issued, it was filed with the Town prior to the December 2015 and February 2016 public hearings on the issue such that the public had the opportunity to access same prior to the Town Board's determination.

Footnote 7: The information regarding fire hydrants was provided in response to questions submitted by a group of residents within the district — including petitioner — and these residents were made aware that the goal was to place hydrants in discrete locations and that individual property owners would be able to consult with the engineer to make reasonable adjustments to the location of hydrants, as necessary and where possible.

Footnote 8: Although the signatories for the 150 Plains Road property initially signed the citizens' petition, their subsequent attempt to withdraw the inclusion of their signatures by sending a notarized letter to the Town Board to this effect was untimely since it was not received by the Town Board until after it had already acted upon the citizens' petition by publishing a notice of public hearing (see Matter of Gray v Town Bd. of Town of N. Hempstead, Nassau County, 303 NY 575, 577 [1952]).