Matter of Glen Wild Land Co., LLC v Town of Thompson (2025 NY Slip Op 02628)

Matter of Glen Wild Land Co., LLC v Town of Thompson

2025 NY Slip Op 02628

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-1419
[*1]In the Matter of Glen Wild Land Company, LLC, Appellant,
v
Town of Thompson, Appellant, and Martha J. Greenberg, Also Known as Martha Wild, et al., Respondents.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Fogel & Brown, PC, Syracuse (Michael A. Fogel of counsel), for Glen Wild Land Company, LLC, appellant.
Law Office of Michael B. Mednick, Monticello (Michael B. Mednick of counsel), for Town of Thompson, appellant.
Steven N. Mogel, Monticello, for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Stephan Schick, J.), entered June 19, 2023 in Sullivan County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Town Law article 7 and Election Law article 16, to restrain the application of Resolution No. 78 of 2023 to petitioner.
Article 12 and article 12-A of the Town Law provide two different paths for the creation or extension of town improvement districts, such as those for water, sewer, public parks, parking lots and the like (see Town Law § 190 et seq.; Town Law § 209 et seq.; Matter of Angelis v Town of New Baltimore, 30 AD3d 940, 943 [3d Dept 2006], lv denied 7 NY3d 712 [2006]). Pursuant to article 12, the process begins when a petition is filed by an owner of taxable real property within the proposed district or extension (see Town Law § 191). By contrast, under article 12-A, a town board commences the process on its own initiative by way of a resolution (see Town Law § 209-b). An additional distinction between the two articles is that, when operating relative to article 12-A, the board's ultimate approval of such a project is subject to a permissive referendum, whereas no such requirement is present in article 12 (compare Town Law § 194 [3], with Town Law § 209-e [3]; see Matter of Beer v Town of New Paltz, 179 AD3d 1238, 1242 [3d Dept 2020]). Against that backdrop, the question posed in this case is whether the Town Board of the Town of Thompson, having been presented with petitioner's article 12 petition, properly proceeded on its own accord under article 12-A. We conclude that it did not.
Petitioner, the owner of a commercial development in respondent Town of Thompson, filed a petition pursuant to Town Law article 12 (hereinafter the extension petition) to extend a sewer district to its development. After accepting a map, plan and report in connection with the proposal and conducting a public hearing, the Town Board passed two resolutions: Resolution No. 77 of 2023 made certain findings, including that the sewer district extension was in the public interest, and Resolution No. 78 approved the extension subject to a permissive referendum, as provided for in article 12-A. Subsequently, a group of citizens, including respondents Martha J. Greenberg, Leonard N. Bernardo and Camille Johnston (hereinafter collectively referred to as respondents), circulated a referendum petition in order to trigger a referendum on Resolution No. 78. Upon the ensuing filing of that petition, the Town Clerk rejected it on the basis that it lacked the requisite number of valid signatures. Petitioner nevertheless commenced the instant proceeding challenging both Resolution No. 78 — to the extent that it subjected the extension to a permissive referendum under article 12-A — as well as the propriety of the referendum petition itself. Respondents opposed, and Supreme Court, rejecting petitioner's challenges, dismissed the petition. Petitioner and the Town appeal, and we reverse[*2].
The Town Board failed to act upon the extension petition in the manner required by statute. Having filed the petition pursuant to Town Law article 12, petitioner was entitled to have the Town Board make certain findings and ultimately either approve or deny its application. More specifically, upon the filing of such a petition (see Town Law § 191) and after a public hearing (see Town Law § 193), the Town Board was obligated to "determine by resolution: (a) whether the petition is signed, and acknowledged or proved, or authenticated, as required by law and is otherwise sufficient; (b) whether all the property and property owners within the proposed district or extension are benefited thereby; (c) whether all the property and property owners benefited are included within the limits of the proposed district or extension; (d) whether it is in the public interest to grant in whole or in part the relief sought" (Town Law § 194 [1]; see also Town Law § 194 [2] [a]).
Although the Town Board, in Resolution No. 77, made the findings specified in Town Law § 194 (1) (b) through (d), it did not determine whether the extension petition was in the form required by law and was otherwise sufficient, as required in paragraph (a). In the face of that omission and without formally ruling on the article 12 petition, the Town Board simply went on to issue Resolution No. 78, whereby it essentially approved the extension project under the framework of article 12-A by providing for a permissive referendum.[FN1] Recognizing that these articles do not contain any mechanism for such a conversion, we find that the Town Board erred and, as a result, its resolutions must be invalidated. In light of our ruling, petitioner's and the Town's remaining arguments have been rendered academic.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs; Town of Thompson Resolutions Nos. 77 and 78, dated January 3, 2023 are invalidated; and matter remitted to the Town Board of the Town of Thompson for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: We are unpersuaded by respondents' contention that the Town Board, acting under article 12, implicitly denied the extension petition, finding that it lacked the requisite number of signatures. This purported ruling is not found in the Board's resolutions, nor is this claim supported elsewhere in the record.